19465

The STATE, Respondent, v. Grover BENNETT, Appellant

(190 S. E. (2d) 497)

*Matthew J. Perry, Esq.,* of *Jenkins, Perry & Pride, Co-lumbia, for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Victor S. Evans, Asst. Atty. Gen.,* of Columbia, and *Marion H. Kinon, Sol. of Dillon,* and *J. Dupre Miller,* of Bennettsville, *for Respondent,*

August 3, 1972.

BRAILSFORD, Justice.

The defendant was convicted at the May, 1971, term of the Court of General Sessions for Chesterfield County of kidnapping one Patricia Chavis and was sentenced to life imprisonment. He has appealed to this Court on a number of exceptions, one of which charges error in refusing to acquit him by direction of the court because of the insufficiency of the evidence to establish the offense charged. This exception is wholly without merit and has received scant attention in argument. The evidence need not be reviewed

in any detail. Suffice it to say that on the evening of January 16, 1971, in the course of an outrageous attempt by two men to kidnap several prominent Bennettsville citizens, including Senator John Charles Lindsay, the prosecuting witness, her husband and four children were abducted from their Bennettsville home at gunpoint. They were forced into Mr. Chavis' Volkswagen Van and driven to the Lindsay home, where Mrs. Lindsay and her young son were also abducted and placed in the Van. At the next stop, one of the desperados was mortally wounded by gunfire from a source not disclosed by the record, and the other, later identified as the defendant, fled.

On defendant's motion, the venue was changed from Marlboro County to Chesterfield. His further motion to move the trial beyond the Fourth Judicial Circuit was refused, and he assigns this as error depriving him of a fair trial. The defendant made no evidentiary showing in support of his motion. He simply asked the court to recognize that because of the prominence of the people affected by the criminal conduct in Marlboro County, especially Senator Lindsay, he could not get a fair trial in neighboring County of Chesterfield. The able trial judge, resident of the circuit, was unconvinced. We find no error.

The defendant was represented at the May term by Mr. Matthew Perry of the Columbia Bar and by two members of the Chesterfield Bar, all by appointment of the court. Mr. Perry had been appointed some months before, after defendant's efforts to retain him by private treaty had failed for lack of funds. Mr. Perry represented defendant at his arraignment in February and secured the change of venue to Chesterfield. On the day set for the trial in Chesterfield, the defendant told Mr. Perry that he desired to obtain the services of Mr. William Kunstler of New York or of Miss Fay Stender of California as his counsel. Upon being communicated with by telephone, Mr. Kunstler expressed to Mr. Perry an interest in the case and a desire to look into it when his other commitments permitted. A mo-

tion for a continuance was then made to allow the defendant to pursue this opportunity to obtain counsel of his choice. The refusal of this motion is assigned as error. We find none. Defendant's constitutional right to counsel has been fully met at every stage of the proceeding against him by the representation afforded him by diligent and talented appointed counsel.

Nor do we find any merit in defendant's complaint that his in-court identification by Mr. and Mrs. Chavis was unfairly influenced by pictures exhibited to them on the day after their abduction. The record discloses that mounted pictures, numbered 1 through 8, were exhibited to the witnesses separately. No suggestive circumstances attended either presentation. Each of them unhesitatingly identified No. 6 as their abductor. Neither of them saw the pictures again prior to the trial. Both of them were positive and impressive in their identification of the defendant in court. We find no semblance of unfairness to the defendant, and none has been suggested by factual argument.

Finally, the defendant charges that the court erred in failing to declare a mistrial when, after several hours of deliberation, the foreman announced that the jury was unable to reach a verdict; and, in stating to the jury, "I don't want anybody to give up a conscientious opinion, but very frequently, with the interchange of ideas between members of a jury, the jury can come to a consensus; and if the jury can reach a verdict, it saves a retrial of the case. . . . "

Neither aspect of the charge requires extended discussion. After a trial of the length of this one, the judge would have been derelict in his duty if he had declared a mistrial at this stage of the proceedings instead of requiring the jurors to continue their deliberations. Defendant's umbrage at the judge's use of the word *consensus* is unwarranted. In context, the word was synonymous with "agreement." In any event, when it was suggested that *con-*

*sensus* may have caused misunderstanding, the court carefully explained to the jury the sense in which it had been used. We find no error.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.