23573

Anthony K. BOZEMAN, Petitioner v. The STATE, Respondent.

(414 S.E. (2d) 144)

Supreme Court

*Asst. Appellate Defender Robert M. Dudek,* of S.C. Office of Appellate Defense, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Nov. 21, 1991.

Decided Feb. 10, 1992.

GREGORY, Chief Judge:

Petitioner was convicted of voluntary manslaughter and sentenced to thirty years. No direct appeal was taken. We granted this petition for writ of certiorari following the denial of petitioner's application for post-conviction relief (PCR) and now affirm.

## ISSUES

(1) Whether petitioner received ineffective assistance of counsel when counsel advised him not to take a direct appeal and, if so, whether the denial of petitioner's motion for continuance was reversible error?

(2) Whether petitioner received ineffective assistance of counsel when counsel failed to request jury charges on defense of others and involuntary manslaughter?

## FACTS

On March 4, 1988, Lonnie Davis was shot and killed outside a nightclub. Later that day, petitioner was arrested and charged with murder. On March 7, 1988, the public defender was appointed to represent petitioner. In April, the Solicitor informed the court and petitioner that this case would be first on the docket for the June term of court. The case was called for trial on June 10, 1988. Several days prior to trial, petitioner informed the public defender that his family had retained another attorney. Private counsel had agreed with petitioner's sister to represent petitioner only if a motion for continuance was granted. Prior to trial, petitioner refused to speak with the public defender claiming that he had retained private counsel. Private counsel never spoke directly with petitioner. The public defender made a motion for continuance on the ground that petitioner mistakenly believed he had retained private counsel and, thus, had refused to cooperate with the public defender in preparing for trial. The trial judge denied the motion and the trial began with the public defender representing petitioner.

Although petitioner was charged with murder, he was convicted of the lesser included offense of voluntary manslaughter. Trial counsel advised petitioner that a successful direct appeal could result in a murder conviction on retrial and petitioner decided not to appeal.

## DISCUSSION

To establish a claim of ineffective assistance of counsel, petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) that, but for counsel's errors, there is a reasonable probability the result would have been different. *Martinez v. State*, — S.C. —, 403 S.E. (2d) 113 (1991). The PCR judge found that petitioner did not want to appeal after trial counsel had advised him of his rights to a direct appeal. As evidenced by the record, however, petitioner was given erroneous advice upon which he based his decision not to appeal.

When the jury convicted petitioner of the lesser included offense of voluntary manslaughter, in essence, he was acquitted of the murder charge. *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. (2d) 199 (1957). The

constitutional prohibition against double jeopardy prevents petitioner from being tried again for murder. A defendant does not waive this constitutional defense by making a successful appeal of his conviction. *Id.* Counsel's failure to so advise petitioner constituted deficient performance. Based on petitioner's testimony, but for counsel's erroneous advice, petitioner would have appealed.

Accordingly, we now review petitioner's direct appeal issue pursuant to *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974), and *Davis v. State,* 288 S.C. 290, 342 S.E. (2d) 60 (1986). Petitioner's sole issue on direct appeal is whether the trial judge erred in denying his motion for a continuance. The denial of a motion for a continuance is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the appellant. *State v. Babb,* 299 S.C. 451, 385 S.E. (2d) 827 (1989); *see also State v. Pendergrass,* 270 S.C. 1, 239 S.E. (2d) 750 (1977).

Petitioner claims the denial of the motion prejudiced him by preventing him from retaining private counsel and adequately preparing for trial. In *State v. Bennett,* 259 S.C. 50, 190 S.E. (2d) 497 (1972), this Court held that the trial court's denial of a motion for a continuance did not deny the defendant his right to counsel when defendant was represented by appointed counsel and sought the continuance to obtain other counsel of his choice. Here, counsel was appointed three days after petitioner's arrest and represented petitioner at the preliminary hearing. Petitioner's right to counsel was not denied at any stage in the proceeding.

In *State v. Motley,* 251 S.C. 568, 572, 164 S.E. (2d) 569, 570 (1968), this Court upheld the trial court's denial of a motion for continuance because "[t]he appellant does not point to any specific testimony or other evidence that he could have produced had his motion been granted." Likewise, petitioner has not shown how the denial of the motion was prejudicial to him. At the PCR hearing, petitioner merely argued that trial counsel did not do "the groundwork that a paid attorney would have done." Petitioner has failed to point to any other evidence or witnesses which could have been produced if a continuance had been granted. We conclude denial of the motion for continuance does not constitute reversible error.

Petitioner also claims ineffective assistance of counsel because trial counsel did not request jury instructions on the defense of others and involuntary manslaughter.

The PCR judge ruled that petitioner's allegations regarding the jury instructions were issues that could or should have been raised at trial or on appeal and, thus, were not proper for PCR. Petitioner's claim, however, is based on ineffective assistance of counsel for failing to raise these issues at trial. We find these issues were properly before the court at the PCR hearing.

Petitioner and his brother testified at trial that, immediately preceding the shooting, the victim swung a knife at petitioner and *not* at petitioner's brother. Clearly, the record supports a self-defense charge rather than a defense of others charge. Trial counsel's failure to request a charge on the defense of others was not deficient performance and does not support petitioner's claim of ineffective assistance of counsel. In any event, the trial judge charged the jury as to self-defense and included the defense of others within this charge.

Petitioner also claims trial counsel was ineffective in failing to request a charge on involuntary manslaughter. Our cases consistently hold that a request to charge a lesser included offense is properly refused only when there is no evidence that the defendant committed the lesser rather than the greater offense. *Casey v. State,* — S.C. —, 409 S.E. (2d) 391 (1991).

In *State v. Barnett*, this Court set forth a definition for involuntary manslaughter.

> First, involuntary manslaughter may be described as the killing of another without malice and unintentionally, but while one is engaged in the commission of some unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm. The second situation may be described as the killing of another without malice and unintentionally but while engaged in the doing of a lawful act with a reckless disregard of the safety of others.

218 S.C. 415, 63 S.E. (2d) 57 (1951); *State v. McCall,* — S.C. —, 405 S.E. (2d) 414 (Ct. App. 1991).

Here, petitioner's actions do not fall into the first ■ category, as he fired a gun which naturally tends to cause death or bodily harm. Further, his actions do not fall within the second category, as he was not engaged in a lawful act.

In *State v. Craig,* 267 S.C. 262, 227 S.E. (2d) 306 (1976), this Court found no error in the refusal to charge the law of involuntary manslaughter when the defendant admitted intentionally firing the gun, but claimed he only meant to shoot over the victim's head. Here, petitioner testified at trial, "I pulled the pistol up and I shot." Petitioner stated that he never aimed the pistol. He did, however, intend to shoot the gun. There is no evidence to support an allegation of mere criminal negligence in the use of a dangerous instrumentality. Because the evidence in the record does not support a charge of involuntary manslaughter, trial counsel's failure to request a jury charge of involuntary manslaughter was not deficient performance.

Affirmed.

HARWELL, CHANDLER and TOAL, JJ., concur.

FINNEY, A.J., concurs only in results.