24365

The STATE, Respondent v. Maurice PICKENS, Appellant.

(466 S.E. (2d) 364)

Supreme Court

---

*Chief Attorney Daniel T. Stacey* and *Lesley M. Coggiola, SC Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Staff Attorney General G. Thomas Chase,* Columbia; and *Solicitor Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Nov. 15, 1995.

Decided Jan. 22, 1996.

MOORE, Justice:

Appellant appeals his convictions of two counts of voluntary manslaughter and two counts of use of a pistol during the commission of a violent crime. We reverse and remand.

## FACTS

Appellant and co-defendant, Willie Douglas, were involved in a shooting incident outside of the Waffle House in Florence. Many of the people at the Waffle House had been at a local bar called "Visions" earlier that evening. There was some testimony appellant and Douglas had been involved in a disagree-

ment with the victims at Visions. When appellant and Douglas arrived at the Waffle House, a crowd began to gather outside. There was some testimony a group of ten to twelve people rushed them, and in self-defense, appellant and Douglas began shooting. Two people were killed and two others were injured. Appellant did not testify nor present any witnesses. Douglas, however, put up several witnesses.

## ISSUES

1) Did the trial judge err in refusing to give a curative instruction after the solicitor referred to appellant's failure to call witnesses?

2) Did the trial judge err in refusing to charge involuntary manslaughter?

## DISCUSSION

1) Solicitor's comments

During his closing argument the solicitor stated:

■ "One think [sic] they short me up on is I didn't put these officers up. Well, I tell you one thing, they can call witnesses just like I can. And [Douglas] did call witnesses." Douglas objected, and appellant joined in the motion. The trial judge ruled appellant was entitled to protection under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. (2d) 91 (1976).[1] We agree. However, the trial judge, not wanting to exacerbate the situation, refused to give a curative instruction. We hold this was error. Furthermore, the trial judge's general charge, which was given shortly afterwards, did not cure the error.

■ We have applied a harmless error analysis when a *Doyle* violation has occurred. *State v. Truesdale*, 285 S.C. 13, 328 S.E. (2d) 53 (1984).[2] Further, in *Truesdale*,

[1] Pursuant to *Doyle*, the State cannot comment on the accused's right to remain silent. Further, under *State v. Posey*, 269 S.C. 500, 238 S.E. (2d) 176 (1977), this Court specifically held the State may not comment on the failure of the defendant to call a witness when he has not presented any evidence.

[2] *Truesdale* was decided prior to the United States Supreme Court's decision in *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed. (2d) 302 (1991). In *Fulminante*, the Supreme Court discussed when a harmless error analysis should be applied. Pursuant to *Fulminante*, this error would qualify as a "trial error" making it subject to a harmless error analysis. *See United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed. (2d) 96 (1983) (cited in *Fulminante*) (harmless error analysis applied to prosecutor's comments which violated defendant's fifth amendment rights).

we stated where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed. To be harmless, the record must establish the reference to the defendant's right to silence was a single reference, which was not repeated or alluded to; the solicitor did not tie the defendant's silence directly to his exculpatory story; the exculpatory story was totally implausible; and the evidence of guilt was overwhelming. 285 S.C. at 18-19; 328 S.E. (2d) 53.

Here, the reference was a single reference. However, appellant's exculpatory story of self-defense was not totally implausible and the evidence of guilt was not overwhelming. At best, only one witness, victim Corey Jeffery, unequivocally testified appellant fired any shots. A second witness, Deborah Dimson, testified appellant may have fired his gun. Further, several witnesses testified a group of people rushed appellant and Douglas. Only Jeffery testified the group had not rushed appellant or Douglas. We hold there was not overwhelming evidence of guilt based upon the record before us. Thus, the trial judge's failure to give a curative instruction was not harmless error and we reverse on this issue.

2) Involuntary manslaughter

Although not necessary to the disposition of this case, we address this issue because of the likelihood it will be an issue during retrial. Appellant contends the trial judge erred in not charging involuntary manslaughter. We disagree. Involuntary manslaughter is 1) the unintentional killing of another without malice, but while engaged in an unlawful activity not naturally tending to cause death or great bodily harm; or 2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others. *Bozeman v. State*, 307 S.C. 172, 414 S.E. (2d) 144 (1992).[3]

Appellant admitted he shot the gun. He, however, contends he acted lawfully but recklessly in defending himself. We disagree. There was no evidence to support a charge of involuntary manslaughter. *State v. Smith*, 315 S.C. 547, 446 S.E. (2d)

[3] Appellant relies upon *State v. McLaughlin*, 280 S.C. 462, 38 S.E. (2d) 492 (1946), where an involuntary manslaughter instruction was held proper when the defendant intentionally shot his pistol. To the extent *McLaughlin* is inconsistent with *Bozeman* and this opinion, it is hereby overruled.

411 (1994) (defendant acted intentionally in wielding knife and stabbing is not a lawful act, thus, defendant was not entitled to a charge on involuntary manslaughter); *State v. Morris*, 307 S.C. 480, 415 S.E. (2d) 819 (Ct. App. 1991) (under involuntary manslaughter the act must be unintentional and defendant had intentionally shot his gun although he claimed self-defense).

This case is distinguishable from the cases involving self-defense and the failure to charge voluntary manslaughter. *See e.g., State v. Lowry*, 315 S.C. 396, 434 S.E. (2d) 272 (1993). Under these cases, we held the jury may fail to find self-defense, but could find sufficient legal provocation and heat of passion to conclude the defendant was guilty of voluntary manslaughter. Under the definition of involuntary manslaughter, however, the jury could not find appellant had acted lawfully without finding self-defense. *Smith, supra.* Therefore, the trial judge did not err in refusing to charge involuntary manslaughter as the facts did not warrant such a charge.

Reversed and remanded.

FINNEY, C.J., and TOAL, WALLER, and BURNETT, JJ., concur.