PER CURIAM:

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Maurice Ward,       
Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2003-UP-736
Submitted October 6, 2003  Filed December 16, 2003 

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 of Columbia; John Gregory Hembree, of Conway; for Respondent(s).
 
 
 

BEATTY, J.:       Maurice Ward appeals from 
 his conviction for second-degree burglary and possession of a stolen automobile. 
 He appeals the trial courts denial of his motion for mistrial as the result 
 of the solicitors closing argument.  Additionally, he appeals the admission 
 of alleged hearsay testimony.  We affirm.
FACTS
William Anderson, a Havoline Fast Lube manager, 
 responded to an alarm notice from the shops security system in the early morning 
 hours of July 8, 2001.  Arriving at the shop, Anderson observed an unfamiliar 
 Dodge pickup truck in the parking lot.  Anderson also noticed a broken window 
 in the back door; heard the sound of glass breaking from inside the store; and 
 witnessed a black male standing inside. 
The man was approximately five foot ten inches 
 tall and wore dark pants with a multi-colored shirt.  Anderson contacted the 
 police.  The black male exited the shop and disappeared into bushes near a grocery 
 store.  
Upon arriving at the scene, the responding police 
 officer consulted with Anderson and inspected the Dodge truck.  The officer 
 then walked towards the grocery store in the direction Anderson saw the suspect 
 flee.  While walking toward the vegetation, the officer observed an individual 
 matching the suspects description laying down . . . attempting not to be seen.  
 Anderson heard the officer order the individual to put his hands up.  Anderson 
 later testified the same individual he earlier saw in the store then ran across 
 the road.  
The officer captured the individual, identified 
 as Ward, arrested and Mirandized him.  The officer testified Ward admitted 
 to breaking into the store to obtain money for drugs.  Ward also stated, according 
 to the police officer, that he borrowed the car from someone in Myrtle Beach.  

Ward did not testify at trial nor did he put up 
 a defense beyond cross-examining the States witnesses.  
During closing the Solicitor stated to the jury:

Now during the course of her 
 cross-examinition [the defense attorney] started talking about some stuff.  
 She started asking about Police Officer Holt and she must have said Police Officer 
 Holts name six or seven times and hes not here.  Well, although the Defendant 
 has no requirement  and Im not suggesting otherwise to put up any proof  
 certainly they can call witnesses the same as State.  They have the same powers 
 we do.

The defense objected, stating [c]learly we have 
 no burden to call any people . . .   The judge sustained the objection and 
 assured Ward that he would properly instruct the jury as to the law.  
The court, in its jury charge, referenced Wards 
 constitutional right to remain silent.  It did not, however, advise the jury 
 that Ward was not obligated to call witnesses.  Following the judges instructions 
 to the jury, Wards counsel moved for a mistrial stating that the solicitor, 
 during closing remarks, improperly shifted the burden of proof to the defendant. 
 The court denied Wards motion for mistrial stating he had given proper instructions 
 to the jury and that he had properly counseled the solicitor about the comments.  

The jury found Ward guilty of 2nd degree 
 burglary.  Ward appeals.
ISSUES

 1.                 
 Did the court err in denying Wards motion for mistrial and failing to issue 
 adequate curative instructions regarding the states closing argument?
 2.                 
 Did the trial court err in permitting hearsay, which bolstered the victims 
 identification of Ward?

LAW/ANALYSIS
The decision to grant or deny a motion for a mistrial 
 is within the sound discretion of the trial judge and will not be overturned 
 on appeal absent an abuse of discretion amounting to an error of law.  State 
 v. Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 851 (Ct.App. 1999).  A 
 mistrial should only be granted in cases of manifest necessity and with the 
 greatest caution for very plain and obvious reasons.  Id. at 227, 522 
 S.E.2d at 851.  The moving party has the burden to show not only error, but 
 resulting prejudice.  Id.
 A.               
   Solicitors Closing Comments
I.  Issue Preservation
The State argues the issue 
 of the propriety of the solicitors comments is not preserved for review because 
 Ward failed to make a contemporaneous motion for a mistrial.  We disagree.
Ward argues the trial court 
 erred by failing to grant a mistrial or issue a curative instruction specifically 
 tailored to the solicitors comment.  Additionally, Ward argues the trial courts 
 failure to do so prejudiced him by impermissibly shifting the burden of proof.  
 The State disagrees and initially attacks Wards position by arguing the issue 
 is not preserved for appellate review.
It is clear from the record 
 that defense counsel objected at the time of the solicitors comments.  The 
 court sustained the objection, counseled the solicitor not to make any comments 
 on impermissible subjects, and assured defense counsel that he would later properly 
 instruct the jury.
After charging the jury 
 on Wards right not to testify, defense counsel noted the court failed to instruct 
 the jury that Ward was not obligated to call witnesses on his behalf.  Counsel 
 then moved for a mistrial noting the burden shifting aspect of the solicitors 
 comments.  The court denied the motion.
Since a trial court's curative instruction is 
 considered to cure any error regarding improper testimony, a party must contemporaneously 
 object to a curative instruction as insufficient or move for a mistrial to preserve 
 an issue for review.  Patterson, 337 S.C. at 226, 522 S.E.2d at 850.  
 Counsels motion for a mistrial following the courts charging of the jury preserved 
 the issue of solicitors comments for our review.
II.  Mistrial Motion
Ward argues the trial judge should have granted 
 a mistrial as the solicitors closing argument shifted the burden of proof to 
 Ward.  The State does not assert the solicitors comments were permissible. 
 [1]   Instead, the State argues the trial court properly denied Wards motion 
 for a mistrial because the comments were not prejudicial.  We agree.
The determination of whether an error is harmless 
 depends on the circumstances of the particular case.  State v. Reeves, 
 301 S.C. 191, 193, 391 S.E.2d 241, 243 (1990).  The materiality and prejudicial 
 character of the error must be determined from its relationship to the entire 
 case.  State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985).   

[W]here a review of the entire record establishes 
 the error is harmless beyond a reasonable doubt, the conviction should not be 
 reversed.  State v. Pickens, 320 S.C. 528, 531, 466 S.E.2d 364, 366 
 (1996).  An appellate court may consider a variety of factors to determine whether 
 a solicitors reference to a defendants failure to call witnesses on his behalf 
 is harmless.   These factors include:  1) whether the reference was one which 
 was not later repeated or alluded to; 2) whether the solicitor tied the defendants 
 silence directly to his exculpatory story; 3) whether defendants exculpatory 
 story was totally implausible; and 4) whether there was overwhelming evidence 
 of defendants guilt.  Id.
Here, the solicitors reference 
 was singular in nature and was neither repeated nor alluded to during the trial.  
 Neither was the solicitors comments tied directly to Wards exculpatory story.  
 The solicitors remarks related to defense counsels cross-examination questions 
 dealing with the States failure to call witnesses to link Ward to the crime 
 such as forensic or crime scene experts.
Wards theory of the case 
 was that his confession was not voluntary and that he was simply in the wrong 
 place at the wrong time.  Ward attempted to bolster this defense by questioning 
 the States failure to call witnesses to corroborate Andersons eyewitness description 
 with forensic evidence, such as fingerprints, to place him inside of the store. 

We find harmless error based 
 on State v. Primus and State v. Pickens, supra.  In Primus, 
 our state Supreme Court did not conduct a review applying each specific Pickens 
 factor to determine whether any error was harmless.  Instead, the Court focused 
 exclusively on whether there was overwhelming evidence of guilt.  
As in Primus, this 
 case hinged on the identity of the perpetrator and whether the accused could 
 be linked directly to the crime.  Although the State did not present any physical 
 evidence placing Ward in the store, we believe there was an overwhelming amount 
 of evidence with which to convict him.  
Ward fit the general description 
 of the man Anderson saw inside of the store.  When Anderson saw a man fleeing 
 from the police who matched that description, Anderson testified he had no doubt 
 it was the same man he saw inside the store.  That man was Ward.  
Importantly Ward confessed 
 to the crime.  Although the defense attempted to discredit that confession as 
 involuntary there is nothing in the record to conclude the confession was not 
 voluntary.  
Wards attempt to discredit 
 the confession relies almost exclusively on the argument that the officers 
 testimony concerning the confession should not be trusted because it was not 
 audio or videotaped.  Neither failure, we believe, undermines the trustworthiness 
 of the confession.  Further, whether the officers testimony concerning the 
 confession was trustworthy is a jury question.
The granting of the motion for a mistrial is an 
 extreme measure which should be taken only where an incident is so grievous 
 that prejudicial effect can be removed in no other way.  Patterson, 
 337 S.C. at 227, 522 at 851.  After considering Pickens and Primus 
 we find no prejudice to Ward.  Therefore, the trial court did not err in denying 
 the mistrial motion.  
 B.               
 Hearsay
During the solicitors questioning of Officer Parker, the following
testimony was elicited:

Q:      Now do you recall Mr. Anderson making an indication relative to 
 your arrest of the defendant?
A:      Yes.  As we walked him back to the vehicle from the cut down area 
 Officer Olsen was in closer proximity and had relayed tome that Mr. Anderson 
 positively identified him.
Wards Attorney:      Objection, hearsay.
Court:    Yes, maam.  Solicitor, please rephrase your question, please.
Solicitor (continuing) Q:  To your knowledge was an identification made by 
 Mr. Anderson relative to the person you had arrested?
Wards Attorney:      Objection.
A:      Yes
Court:    Maam, grounds?
Wards Attorney:      Hearsay.
Court:    Ill allow it, thank you.

Ward argues that the court erred in permitting Officer Parkers 
testimony as it amounts to bolstering hearsay.  We disagree.  
Hearsay is a statement, other than one made by the declarant while testifying 
 at the trial or hearing, offered in evidence to prove the truth of the matter 
 asserted.  State v. Johnson, 324 S.C. 38, 42, 476 S.E.2d 681, 682-683 
 (1996); Rule 801(c), SCRE.   Evidence is not hearsay unless it is an out of 
 court statement offered to prove the truth of the matter asserted.  State 
 v. Kirby, 325 S.C. 390, 394, 481 S.E.2d 150, 152 (Ct.App. 1996).
The question posed to Officer Parker was not objectionable 
 hearsay under our rules of evidence.  The officer answered, based on his own 
 personal knowledge, whether he knew Mr. Anderson had made an identification 
 relative to the person arrested.  Trial counsel did not query Mr. Anderson as 
 to the source of his information.  Andersons testimony was not hearsay as it 
 was not an out of court statement, other than one made by the declarant, offered 
 to prove the truth of any matter asserted.  Further, even if the testimony was 
 hearsay and its admission error, the error was clearly harmless as Ward admitted 
 to the arresting officer that he committed the crime for which he was charged.
For the foregoing reasons, the ruling of the trial 
 court is 
AFFIRMED.
GOOLSBY and HUFF, JJ., concur.

 
 [1]    [W]hen the accused neither testifies nor offers 
 any witnesses, it is error for the solicitor to comment upon the defendant's 
 failure to call witnesses on his behalf.  State v. Primus, 349 S.C. 
 576, 584, 564 S.E.2d 103, 107 (2002).