**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Andrew Torrence, Appellant.

Appellate Case No. 2011-194612

———————————

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-152
Heard March 5, 2013 – Filed April 10, 2013

———————————

**AFFIRMED**

———————————

John S. Nichols and Blake A. Hewitt, Bluestein Nichols Thompson & Delgado, LLC, of Columbia, H. Wayne Floyd, of West Columbia, for Appellant.

Attorney General Alan Wilson, Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Andrew Torrence appeals his conviction of voluntary manslaughter for the shooting death of Zach Chaplin. He argues the circuit court erred when it did not charge the jury on involuntary manslaughter because there is

evidence in the record showing Torrence did not intend to inflict great bodily harm or death.  We affirm.

In the early morning hours of September 28, 2008, Torrence and Chaplin got into a physical altercation while at a bar.  Although Torrence initially exited the bar after the fight, he decided to go back in with his gun to make a citizen's arrest and detain Chaplin for the earlier assault.  He testified he brought the gun with him as a deterrent against any further violence and had no intent to shoot the gun.  However, while Torrence was conducting the alleged citizen's arrest, Chaplin charged him from across the bar.  Torrence admitted he fired the gun twice at Chaplin.  Both bullets struck Chaplin, and he died from complications of his injuries.

At trial for murder, the court charged voluntary manslaughter but refused Torrence's request to charge involuntary manslaughter.  The jury found Torrence guilty of voluntary manslaughter, and the court sentenced him to twenty-five years imprisonment.

The law to be charged is determined from the evidence presented at trial.  *State v. Gibson*, 390 S.C. 347, 355, 701 S.E.2d 766, 770 (Ct. App. 2010).  The trial court commits reversible error if it refuses a request for a jury instruction on a lesser-included offense that is supported by the evidence.  390 S.C. at 355-56, 701 S.E.2d at 770.

Involuntary manslaughter is defined as the unintentional killing of another without malice while (1) engaged in an unlawful activity not naturally tending to cause death or great bodily harm or (2) engaged in a lawful activity with reckless disregard for the safety of others.  *State v. Smith*, 391 S.C. 408, 414, 706 S.E.2d 12, 15 (2011).  Generally, a charge of involuntary manslaughter is inappropriate where the defendant admits he or she intentionally fired a gun.  *See State v. Pickens*, 320 S.C. 528, 531-32, 466 S.E.2d 364, 366-67 (1996) (holding defendant not entitled to involuntary manslaughter charge because defendant admitted intentionally shooting the gun); *Gibson*, 390 S.C. at 357-58, 701 S.E.2d at 771-72 (holding defendant not entitled to charge of involuntary manslaughter because "the essence of involuntary manslaughter is the involuntary nature of the killing" and he intentionally fired the gun);  *State v. Morris*, 307 S.C. 480, 484, 415 S.E.2d 819, 821-22 (Ct. App. 1991) (holding defendant not entitled to involuntary manslaughter charge because the act must be unintentional and defendant intentionally fired the gun).

We reject Torrence's argument that the word "unintentional" in the involuntary manslaughter definition should mean the defendant's intent to cause the consequence of death or serious bodily harm when he fired the gun. Instead, we consider the word "unintentional" to relate to the defendant's intent to voluntarily fire the gun. *See Bozeman v. State*, 307 S.C. 172, 177, 414 S.E.2d 144, 147 (1992) (explaining involuntary manslaughter charge inappropriate even though defendant "only meant to shoot over the victim's head" because he intended to shoot the gun). Therefore, because there is no evidence that Torrence did not intentionally fire his gun at Chaplin, he was not entitled to a charge of involuntary manslaughter. Moreover, this case does not fall under either prong of the involuntary manslaughter definition because: (1) firing a gun is considered conduct naturally tending to cause death or great bodily harm; and (2) Torrence was not acting lawfully by brandishing the gun in a bar. *See id.* 307 S.C. at 177, 414 S.E.2d at 147 (observing that firing a gun "naturally tends to cause death or bodily harm"); *State v. Rivera*, 389 S.C. 399, 403, 699 S.E.2d 157, 159 (2010) (agreeing with State's argument that brandishing a weapon was unlawful conduct naturally tending to cause death or great bodily harm); S.C. Code Ann. § 16-23-465 (2003) (unlawful to carry a firearm onto the premises of a building selling alcoholic liquors).

Torrence cites cases from North Carolina in support of his claim that the facts warrant a charge of involuntary manslaughter. However, we must analyze this case under the law as it currently exists in South Carolina. Under South Carolina law, the facts of this case require us to find that a charge of involuntary manslaughter was not supported by the evidence. Therefore, the circuit court's refusal to charge involuntary manslaughter is

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**