**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joe Ross Worley, Appellant.

Appellate Case No. 2014-001497

Appeal From McCormick County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2018-UP-327
Heard June 20, 2018 – Filed July 18, 2018
Withdrawn, Substituted and Refiled September 26, 2018

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Joe Ross Worley appeals his convictions for assault and battery with intent to kill (ABWIK) and possession of a weapon during the commission of

a violent crime, arguing the trial court erred in (1) ruling Worley was not entitled to immunity from prosecution for ABWIK under the Protection of Persons and Property Act[1] and (2) not granting a mistrial when the solicitor made comments in his closing argument that constituted improper comments on Worley's right not to testify and impermissibly shifted the State's burden of proof to Worley.

We affirm and adopt the trial court's December 8, 2011 order pertaining to the court's determination that Worley had the burden of proving his claim of immunity by the preponderance of the evidence, which he failed to do. *See Byrd v. Livingston*, 398 S.C. 237, 245, 727 S.E.2d 620, 624 (Ct. App. 2012) (adopting the trial court's order as to some issues); *Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal).

We also affirm the trial court's denial of Worley's motion for mistrial. The court found at trial that the solicitor was commenting on the evidence or the lack of evidence in response to information or issues that were placed in the record by Worley and was not burden-shifting or inferring that Worley was guilty because he failed to testify. *See Johnson v. State*, 325 S.C. 182, 187, 480 S.E.2d 733, 735 (1997) ("[T]he comment was simply a statement of the evidence which was before the jury, rather than a comment on [the defendant's] failure to testify."). Therefore, the court found the comment was harmless beyond a reasonable doubt. "The decision to grant or deny a mistrial is within the sound discretion of the trial court" and "will not be overturned on appeal absent an abuse of discretion amounting to an error of law." *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009). "The granting of a motion for a mistrial is an extreme measure that should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way." *Id.* When a violation is alleged, this court must apply a harmless error analysis as set forth in *State v. Pickens*, 320 S.C. 528, 466 S.E.2d 364 (1996). "To be harmless, the record must establish the reference to the defendant's right to silence was a single reference, which was not repeated or alluded to; the solicitor did not tie the defendant's silence directly to his exculpatory story; the exculpatory story was totally implausible; and the evidence of guilt was overwhelming." *Id.* at 531, 466 S.E.2d at 366. "[W]here a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed." *Id.*

**AFFIRMED.**

[1]  S.C. Code Ann. §§ 16-11-410 to 450 (2015).

**SHORT, THOMAS, and HILL, JJ., concur.**