**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jahru Harold Smith, Appellant.

Appellate Case No. 2018-000505

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-298
Submitted November 2, 2020 – Filed August 11, 2021

———————

**AFFIRMED IN PART AND VACATED IN PART**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Appellant, Jahru Harold Smith, appeals from his convictions and sentences for murder, armed robbery, and possession of a weapon during the commission of a violent crime. He asserts the trial court erred in refusing to continue his trial in order for him to obtain prescription eyeglasses so that he could see to (1) assist his attorney in his defense and (2) exercise his Sixth Amendment right to self-representation. He further argues the trial court erred in (3) sentencing him to five years' imprisonment for the possession of a weapon during the commission of a violent crime after sentencing him to life without parole (LWOP) for murder and armed robbery. We affirm the trial court's denial of a continuance, his convictions, and his sentences for murder and armed robbery, but we vacate his five-year sentence for possession of a weapon during the commission of a violent crime.

1.      We find no error in the trial court's denial of Appellant's motion for a continuance to acquire glasses in order to assist in his defense. Appellant made no showing to the trial court that he required prescription eyeglasses in order to assist in his own defense or to confront witnesses against him. *See* Rule 7(a), SCRCrimP (providing "[c]ontinuances may be granted by a presiding judge . . . only upon a showing of good and sufficient legal cause"). Though Appellant maintained to the trial court that he could not see without his prescription eyeglasses and trial counsel stated his understanding that Appellant received some disability due to his visual impairment, these were mere assertions. During his motion, Appellant presented nothing to the court regarding the extent of his visual impairment or whether it hampered his ability to assist in his defense. He also presented nothing to show he made any effort prior to trial to obtain a new pair of glasses. Further, we find no evidence that the trial court's suggested accommodation of the use of trial counsel to assist Appellant visually, as well as the court's assurance that they could take their time, was insufficient or that Appellant would be prejudiced by use of the suggested accommodation. Additionally, we find Appellant's reliance on *United States v. Scheur*, 547 F. Supp. 2d 580 (E.D. La. 2008), is misplaced. There, the government filed a motion in limine regarding the need for special accommodations for Scheur—who was blind—following allegedly fruitless discussions with defense counsel concerning the defendant's disability. *Id.* at 582, 583. The United States District Court thereafter scheduled an evidentiary hearing on the matter, which was held eleven days *prior* to Scheur's trial date. *Id.* at 584 n.6. In the wake of the hearing, the court observed "an authoritative road map for courts to follow when faced with the trial of a disabled defendant" and ordered certain accommodations for Scheur. *Id.* at 588, 589. Here, the issue is not the extent to which a court should accommodate a defendant's known disability as it was in *Scheur*. Rather, the issue is whether the trial court abused its discretion in

denying Appellant's motion for a continuance—made on the day of trial—when no showing was made of (1) the extent of his alleged disability or whether his disability required further accommodations in order for Appellant to assist in his defense beyond those noted available by the court and (2) whether Appellant acted with diligence in attempting to obtain prescription eyeglasses prior to trial or in bringing the matter to the court's attention. *See State v. Mansfield*, 343 S.C. 66, 72, 538 S.E.2d 257, 260 (Ct. App. 2000) ("The granting or denial of a motion for continuance is within the sound discretion of the trial judge."); *id.* ("The trial court's refusal of a motion for continuance will not be disturbed on appeal absent a clear abuse of discretion resulting in prejudice to the appellant."); *State v. Meggett*, 398 S.C. 516, 520, 523, 728 S.E.2d 492, 494, 496 (Ct. App. 2012) (observing that "a party cannot complain of an error which his own conduct has induced" and finding no error in the denial of the defendant's motion for a continuance to test evidence when the defendant—who raised the matter with trial counsel the morning of trial—had a significant period of time to obtain the testing and his failure to do so was a result of his own inaction) (quoting *State v. Babb*, 299 S.C. 451, 455, 385 S.E.2d 827, 829 (1989)). To the extent Appellant maintains he was unable to present the proper showing to the trial court based upon trial counsel's failures, the proper remedy for such—as observed by Appellant in his brief—is a post-conviction relief (PCR) action. *See State v. Felder*, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986) (recognizing PCR, rather than a direct appeal, is the proper avenue for allegations of ineffective assistance of counsel).

2.      We likewise find the trial court's denial of Appellant's motion for a continuance did not deprive him of his right to self-representation. First, the trial court did not deny Appellant this right. Rather, the court specifically granted Appellant's motion to represent himself. As with his assistance of counsel claim, Appellant failed to make any showing to the trial court that his visual impairment deprived him of the ability to represent himself or that trial counsel could not provide the needed visual assistance as stand-by counsel. *See State v. Bennett*, 259 S.C. 50, 53-54, 190 S.E.2d 497, 498 (1972) (finding no error in the trial court's denial of the defendant's motion for continuance—made on the day of trial—to allow him to pursue an opportunity to obtain counsel of his choice, as the "[d]efendant's constitutional right to counsel [was] fully met at every stage of the proceeding against him by the representation afforded him by diligent and talented appointed counsel"). It was Appellant's own action in refusing to remain in court and participate in the trial that denied him the opportunity to represent himself. *See State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("[A] party 'cannot complain of an error which his own conduct has induced.'" (quoting *State v. Worthy*, 239 S.C. 449, 465, 123 S.E.2d 835, 843 (1962))). Likewise, based upon

his own conduct, Appellant is unable to show how he was prejudiced by the trial court's ruling. *See Mansfield*, 343 S.C. at 72, 538 S.E.2d at 260 ("The trial court's refusal of a motion for continuance will not be disturbed on appeal absent a clear abuse of discretion *resulting in prejudice to the appellant*." (emphasis added)).

3.      As conceded by the State, the trial court erred in sentencing Appellant to five years in prison for his possession of a weapon during the commission of a violent crime conviction after he was sentenced to LWOP for murder and armed robbery, and the five-year sentence is therefore vacated. *See* S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime . . . , he must be imprisoned five years, in addition to the punishment provided for the principal crime. *This five-year sentence does not apply in cases where . . . a life sentence without parole is imposed for the violent crime*." (emphasis added)); *State v. Sledge*, 428 S.C. 40, 59-60, 832 S.E.2d 633, 644 (Ct. App. 2019) and *State v. Palmer*, 415 S.C. 502, 525, 783 S.E.2d 823, 835 (Ct. App. 2016) (vacating the defendants' five-year sentences for possession of a weapon during the commission of a violent crime under S.C. Code Ann. § 16-23-490(A) after finding such sentences inapplicable due to the trial court sentencing the defendants to life without parole for their violent crimes).

**AFFIRMED IN PART AND VACATED IN PART.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.