**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Xzavier Sharif Davis, Appellant.

Appellate Case No. 2021-000982

---

Appeal From Newberry County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-247
Submitted June 1, 2024 – Filed July 3, 2024

---

**AFFIRMED**

---

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Tommy Evans, Jr., both of Columbia, for Respondent.

---

**PER CURIAM:** Xzavier Sharif Davis appeals his convictions for murder, assault and battery of a high and aggravated nature (ABHAN), and possession of a weapon during the commission of a violent crime, and his aggregate sentence of thirty-five years' imprisonment. On appeal, Davis argues the trial court erred in (1) failing to charge the jury on involuntary manslaughter, (2) instructing the jury on

an improper definition of malice and stating intent only applied to attempted murder, and (3) failing to quash the indictment for attempted murder. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion when it declined to give an involuntary manslaughter charge because (1) Davis did not engage in a lawful act when he fired into an occupied vehicle and (2) firing eight times at a vehicle occupied by four people is an act that naturally tends to cause death or great bodily harm, and was not mere criminal negligence. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014) ("The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense."); *id.* ("In determining whether the evidence requires a charge on a lesser-included offense, the [appellate c]ourt must view the facts in the light most favorable to the defendant."); *State v. Smith*, 391 S.C. 408, 414, 706 S.E.2d 12, 15 (2011) ("Involuntary manslaughter is: (1) the unintentional killing of another without malice, but while engaged in an unlawful activity not amounting to a felony and not naturally tending to cause death or great bodily harm; or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others."); S.C. Code Ann. § 16-23-440(B) (2015) ("It is unlawful for a person to discharge or cause to be discharged unlawfully firearms at or into any vehicle, aircraft, watercraft, or other conveyance, device, or equipment while it is occupied."); *Bozeman v. State*, 307 S.C. 172, 177, 414 S.E.2d 144, 147 (1992) (holding the court did not err in refusing to charge involuntary manslaughter where the defendant intentionally fired a gun and there was no evidence of mere criminal negligence); *State v. Craig*, 267 S.C. 262, 269, 227 S.E.2d 306, 310 (1976) (holding the court did not err in refusing to charge involuntary manslaughter where the defendant claimed he only meant to shoot over the victim's head).

2. We hold the trial court did not abuse its discretion in its explanation of malice and intent in answering the jury's question because the jury charge as a whole contained the correct definition of malice and the trial court did not tell the jury that intent only applied to attempted murder. *See Mattison*, 388 S.C. at 479, 697 S.E.2d at 584 ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues

presented at trial." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003))). Although the trial court did not include the word "total" when it used the language "disregard for human life" in answering the jury's question, the original charge stated that "[m]alice may be inferred from conduct showing a total disregard for human life" and the trial court provided the written charges to the jury; accordingly, when viewed as a whole, the jury charge contained the correct definition and adequately covered the law. *See id.* at 549, 713 S.E.2d at 603 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *Adkins*, 353 S.C. at 318, 577 S.E.2d at 464)). Furthermore, although Davis contends the trial court informed the jury that intent only applied to attempted murder, the record reflects the trial court was briefly interrupted by a juror, and the trial court's full statement indicated "specific" intent only applied to attempted murder, not that intent only applied to attempted murder.

3. We hold Davis waived the issue of quashing the indictment because he did not make a motion to do so. Although Davis opposed the State's request to amend the indictment and stated his failure to agree with the State did not mean he would not "have a motion to quash" before trial, he never moved to quash the indictment and the trial proceeded. *See State v. Gentry*, 363 S.C. 93, 101, 610 S.E.2d 494, 499 (2005) ("[I]f an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn in and not afterwards."); S.C. Code Ann. § 17-19-90 (2014) ("Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards."); *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.