**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karla FOSTER, Defendant–Appellant.**

**No. 91–50645.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1992.

Decided Feb. 3, 1993.

Opinion on Rehearing June 14, 1993.

David H. Bartick and Jan Edward Ronis, Ronis & Ronis, San Diego, CA, for defendant-appellant, Karla Foster.

Randy K. Jones, and Patrick K. O'Toole, Asst. U.S. Attys., San Diego, CA, for plaintiff-appellee.

Before: BROWNING, SCHROEDER and FLETCHER, Circuit Judges.

SCHROEDER, Circuit Judge:

In its petition for rehearing, the government contends for the first time in this appeal that *Miranda* warnings were not given, and that hence, pursuant to *Fletcher v. Weir,*

455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982), the evidence regarding post-arrest silence was properly admitted and did not constitute error under *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The government asks, therefore, that we affirm the conviction. We called for a response because the government's motion raised matters that had not been briefed in the appeal or argued below. In her response, the defendant contends that *Miranda* warnings were given, or, in the alternative, the government had not met its burden to demonstrate that *Miranda* warnings were not given and that our reversal of the conviction was correct.

Upon our review of the record, we conclude that neither party is wholly accurate. The record is silent as to whether or not *Miranda* warnings were given. The only case to our knowledge which has dealt with a similar record is the Third Circuit's decision in *United States v. Cummiskey,* 728 F.2d 200 (3d Cir.1984) (*"Cummiskey I"*). There the Third Circuit held that because the government is the party seeking to admit evidence of post-arrest silence, it is the government's burden to establish that *Miranda* warnings were not given. The Third Circuit then remanded the case for a factual determination as to whether warnings were given. In *United States v. Cummiskey,* 745 F.2d 278 (3d Cir.1984), *cert. denied,* 471 U.S. 1005, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985) (*"Cummiskey II"*), the court reinstated the conviction because the record on remand showed that *Miranda* warnings had not been given.

We agree with the reasoning of the Third Circuit. Accordingly, we grant the government's motion for rehearing in part and remand for a determination as to whether the *Miranda* warnings were given. In accordance with the reasoning of the Third Circuit, we hold that the government has the burden of demonstrating that the warnings were not given. If the government succeeds in carrying that burden, the conviction must be sustained. *Cummiskey II,* 745 F.2d at 279.

During the pendency of this petition for rehearing, the Supreme Court decided *Brecht v. Abrahamson,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), holding that the harmless error standard of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 7–8, 17 L.Ed.2d 705 (1967), does not apply to a *Doyle* violation that occurred during a state trial challenged in federal habeas corpus proceedings. If, on remand, the district court determines that a *Doyle* violation did occur, then it should review the record in this case in light of the Supreme Court's opinion in *Brecht* to determine what, if any, effect the Supreme Court's decision in *Brecht* has on this case.

The government's motion for rehearing is GRANTED IN PART. The judgment and conviction of the district court are VACATED and the matter is REMANDED for determinations in accordance with this opinion on rehearing.