15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Brian LONG, Defendant-Appellant.
 No. 93-30038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Brian Long, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to reduce his sentence imposed following a guilty plea to importing a listed precursor chemical (phenylacetic acid) used to manufacture methamphetamine in violation of 21 U.S.C. Sec. 960(d)(2). He was originally sentenced pursuant to U.S.S.G. Sec. 2D1.4 on October 10, 1990. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Long argues the district court erred by not retroactively applying U.S.S.G. Sec. 2D1.11 (Nov. 1991) which presumably would yield a lower base offense level in this case. This argument is foreclosed by our decision in United States v. Foster, 985 F.2d 466, 470 (9th Cir.) ("[T]he Sentencing Guidelines have not made section 2D1.11 retroactive."), amended on other grounds, 995 F.2d 882 (1993). To the extent Long urges the panel to reconsider Foster, we note that a panel not sitting en banc lacks the authority to overrule a prior decision of this court. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3