**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30183 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00142-RSM-1 |
| v. | |
| JOHNNY JAVIER MOREL-PINEDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted September 2, 2020
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[**] District Judge.

Johnny Javier Morel-Pineda appeals his conviction for distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). He argues that the district court erred in denying his motion to dismiss, his motion for a

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

continuance, his motion for a new trial, and in admitting certain evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, so we recount them only briefly. Morel-Pineda was charged with distributing methamphetamine after engaging in a controlled transaction with a confidential informant, Anthony Meyers. Shortly before trial began, Facebook messages were sent from Meyers's account to Morel-Pineda's account, offering to meet if Morel-Pineda wanted to "win" at trial. Defense counsel learned of and raised these messages midtrial. The government investigated and determined that Meyers's girlfriend had sent the messages without Meyers's knowledge. Meyers testified at trial against Morel-Pineda. Both the government and the defense questioned him about the messages, and he testified consistently with the account the government had provided, stating that though his girlfriend had discussed the possibility of contacting Morel-Pineda, he did not realize she was actually going to do so. Midtrial, Morel-Pineda moved to dismiss on the grounds that it was a due process violation for the government to endorse a witness who had attempted to interfere with the trial. Alternatively, he moved for a continuance to investigate the source of the messages. The district court denied both motions, the trial continued, and the jury found Morel-Pineda guilty. Posttrial, Morel-Pineda moved for a new trial on due process grounds. With his motion, he submitted evidence of an additional Facebook message sent pretrial

from another Meyers Facebook account. The district court denied the motion.

The district court did not err in denying Morel-Pineda's motion to dismiss. A district court's denial of a motion to dismiss on due process grounds is reviewed de novo. *See, e.g.*, *United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015); *United States v. Black*, 733 F.3d 294, 301 (9th Cir. 2013); *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013). Though the parties dispute whether plain error review should instead be applied here, we need not resolve that dispute, because we would affirm even under de novo review.

It was not outrageous government conduct for the government to use Meyers as a witness after his potential misconduct came to light. The government had no involvement with the misconduct. And, most importantly, the jury heard about the Facebook messages, heard Meyers's explanation regarding who sent them, and was therefore able to assess his credibility in light of his potential misconduct. *Cf. United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011).

Nor is this a case where we can say that the government impermissibly elicited false testimony, because Morel-Pineda has failed to establish that Meyers's testimony "was actually false." *United States v. Bingham*, 653 F.3d 983, 995 (9th Cir. 2011) (internal quotation marks omitted). It is entirely possible, based on the evidence, that it was Meyers's girlfriend, rather than Meyers himself, who sent the messages. This remains true even considering the additional message discovered

3

after trial. That the Facebook messages were sent from accounts bearing Meyers's name does not foreclose the possibility that Meyers's girlfriend had access to the accounts and sent the messages. Morel-Pineda has not presented evidence to establish otherwise and made the choice not to question Meyers's girlfriend about the messages, either during or after trial. Additionally, even if Meyers's testimony were false, it was not material, because there is no "reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (internal quotation marks omitted). Defense counsel had the opportunity to cross-examine Meyers about the messages, and there was significant other evidence of Morel-Pineda's guilt, including the testimony of law enforcement agents who coordinated and monitored the controlled drug transaction. *See id.* at 814–15; *see also Sivak v. Hardison*, 658 F.3d 898, 914 (9th Cir. 2011) (noting that false testimony could not have changed the jury's determination because the witness's testimony was "wholly cumulative to the other evidence" of the defendant's guilt). "Consequently, our confidence in the verdict is not undermined." *Houston*, 648 F.3d at 815.

The district court also did not err in denying the motion to continue. We review the district court's decision for an abuse of discretion. *United States v. Kloehn*, 620 F.3d 1122, 1126–27 (9th Cir. 2010). In reviewing whether the district court abused its discretion, we consider: (1) whether the defendant "was diligent in

4

preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) "whether the continuance would have served its stated purpose"; (3) "'the extent to which granting the continuance would have inconvenienced the court and the opposing party'"; and (4) whether the defendant was prejudiced by the denial. *Id.* at 1127–28 (quoting *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)).

Here, three out of the four factors weigh against Morel-Pineda, including the most important prejudice factor. *See United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995) ("We may not reverse unless the party whose [continuance] request was denied suffered prejudice."). Morel-Pineda cannot show that evidence helpful to him could have been produced as a result of a continuance and therefore that the continuance would have served its stated purpose. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1140 (9th Cir. 2005). Defense counsel argued at trial that a continuance was necessary to gather records from Facebook and cell-tower records to prove that Meyers was the one who sent the messages. As the district court noted at trial, however, it is not clear that the records Morel-Pineda sought could show who it was that sent the messages; rather the records would show which phone was used (assuming a phone was used)—and knowing only which phone was used would not disprove Meyers's testimony that it was his girlfriend who sent the messages. Morel-Pineda also argues that, during a continuance, he

would have found the additional Facebook message that he did not discover during trial, thereby establishing that Meyers had contacted Morel-Pineda and lied on the stand about doing so. But again, for the reasons already noted, it is not clear that Meyers sent that, or any other, Facebook message, despite the messages coming from an account with his name. The inconvenience factor also weighs against Morel-Pineda; the trial was close to complete at the time Morel-Pineda moved for a continuance, and it could have taken quite some time to subpoena and obtain the records that Morel-Pineda sought. *Cf. United States v. Fowlie*, 24 F.3d 1059, 1070 (9th Cir. 1994) (noting that "[g]iven the length of the potential interruption of the proceedings and the likelihood that the continuance would be for naught, we cannot say that, in light of all the circumstances, the district court abused its discretion in denying" the continuance). As to prejudice, any evidence Morel-Pineda may have uncovered would go solely to Meyers's credibility—which Morel-Pineda was already able to attack at trial—rather than directly to Morel-Pineda's guilt. *Cf. id.* (noting, in upholding denial of a continuance, that the evidence sought during the continuance was "entirely tangential to the issues affecting [the defendant's] guilt or innocence"); *United States v. Foster*, 985 F.2d 466, 469 (9th Cir.), *on reh'g in part*, 995 F.2d 882 (9th Cir. 1993), *and amended*, 17 F.3d 1256 (9th Cir. 1994) (noting that denial of a continuance was not an abuse of discretion because evidence that could have been presented would have been

6

cumulative).

Nor did the district court err in denying Morel-Pineda's motion for a new trial. We review the denial of a motion for a new trial for abuse of discretion. *United States v. French*, 748 F.3d 922, 934 (9th Cir. 2014). Contrary to what Morel-Pineda argues, the district court's commentary on the sufficiency of the evidence was appropriate under the circumstances and does not mean that the district court applied an incorrect standard. For the reasons we have already noted, whether there was other evidence of guilt is relevant to the arguments Morel-Pineda advanced. Additionally, the false testimony argument Morel-Pineda advanced in his posttrial motion fails for the same reasons as his motion to dismiss. As already described, the additional Facebook message found after trial does not alter the analysis, as that message does not establish that Meyers testified falsely. To the extent Morel-Pineda argues that his posttrial motion was erroneously denied because the government engaged in outrageous conduct, that argument also fails for the reasons already stated. And, though Morel-Pineda did not clearly articulate the argument on appeal, the additional message was also not grounds for a new trial on the basis of newly discovered evidence. For the reasons already stated, it was not material, was cumulative, was merely impeaching, and did not indicate that Morel-Pineda would probably be acquitted upon a retrial. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

7

Morel-Pineda's final contention on appeal is that the district court erred in admitting certain exhibits showing text messages between Morel-Pineda and third parties obtained from a phone found at Morel-Pineda's apartment. "We review a district court's evidentiary rulings for an abuse of discretion and its interpretation of the Federal Rules of Evidence *de novo*." *United States v. Lindsay*, 931 F.3d 852, 859 (9th Cir. 2019) (internal quotation marks omitted). Here, an agent testified that the number in the messages was the one Meyers used to communicate with Morel-Pineda, and a phone with that number was found upon searching Morel-Pineda's apartment. This suffices to authenticate texts on that phone as sent by Morel-Pineda. *See* Fed. R. Evid. 801(d)(2)(A), 901(a); *cf. United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985). Any argument that the messages were sent by some other person went to weight, not admissibility. *See Black*, 767 F.2d at 1342. Regardless, any error in admitting the messages was harmless given the overwhelming evidence of guilt in this case. *See United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015).

**AFFIRMED**.