22835

The STATE, Respondent v. Harold Dean COCKERHAM, Appellant.
(365 S. E. (2d) 22)

Supreme Court

*John H. Blume, David I. Bruck,* both of *Bruck & Blume;*
*S. C. Office of Appellate Defense,* Columbia, *Douglas West-*

*brook,* Myrtle Beach, and *Asst. Public Defender Jeffrey P. Bloom,* Conway, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Solicitor James O. Dunn,* Conway, *for respondent.*

Heard Dec. 8, 1987.

Decided Feb. 8, 1988.

*Per Curiam:*

Appellant was convicted of murder and kidnapping, for which he received the death penalty. This case consolidates appellant's direct appeal and our mandatory review of the death sentence pursuant to S. C. Code Ann. § 16-3-25 (1985). We reverse and remand for a new trial.

Appellant claims the solicitor's guilt phase closing statements improperly focused on appellant's exercise of his constitutional rights at trial. We agree.

First, the solicitor invited the jury to "imagine what kind of mood that young man was in the night the victim was killed, as he sits here today as quiet as can be." This comment was an indirect but unmistakable reference to appellant's silence at trial. It is improper for the state to refer to a defendant's exercise of a constitutional right. *State v. Johnson,* 293 S. C. 321, 360 S. E. (2d) 317 (1987) (right to plead not guilty and put state to its burden of proof); *see also Doyle v. Ohio,* 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976) (right to remain silent). Although indirect, the comment was nonetheless constitutionally impermissible. *State v. Hawkins,* 292 S. C. 418, 357 S. E. (2d) 10 (1987).

Later, the solicitor contrasted the victim's fate with appellant's trial:

That night, February 9th, Dean Cockerham conducted a trial, much like the trial we are having here, in some ways, and in some ways, very far from it, because little Pam Murphy's Constitutional Rights, and the rights to a trial by jury didn't do much for her that night, because on that night, he

> was her judge, he was her jury, and he was her executioner. And she didn't have the right to ... be represented by a lawyer. She didn't have the right to have independent people on her jury. Mr. Cockerham, loving Mr. Cockerham, took care of all that.

These were improper indirect comments on appellant's exercise of *his* rights to counsel and a jury trial. These comments were tailored not to focus on the record and its reasonable inferences, but to draw attention to appellant's exercise of his constitutional rights.

Having reviewed these comments in the context of the entire record, *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981), we hold that they "so infected the trial with unfairness as to make the resulting conviction(s) a denial of due process." *Donnelly v. DeChristoforo*, 416 U. S. 637, 643, 94 S. Ct. 1868, 1871, 40 L. Ed. (2d) 431, 437 (1974); *State v. Hawkins, supra*. We therefore reverse appellant's murder and kidnapping convictions and remand for a new trial.

While our decision, of course, also voids appellant's ■ death sentence, we deem it helpful to address several improprieties in the solicitor's penalty phase summation as well.

Appellant contends the solicitor's penalty phase closing statement contained indirect references to appellant's silence at trial and was tailored to appeal to the jury's passion. We agree.

First, the solicitor instructed the jury to "look at [appellant], does he look sorry to you?" Later, he asked the jury to look at appellant: "Have you seen any remorse?" These comments effectively drew the jury's attention to appellant's exercise of his Fifth Amendment right to remain silent. It was precisely the approach consistently condemned by this Court's decisions. *See State v. Sloan*, 278 S. C. 435, 298 S. E. (2d) 92 (1982) ("Has anyone said to you he's sorry, sorry for what he did?"); *State v. Arther*, 290 S. C. 291, 350 S. E. (2d) 187 (1986) ("Remorse. Did he say I'm sorry, I didn't mean to do it ... Have you heard that from him?"); *State v. Hawkins, supra*, ("You have seen no remorse ...").

Next, the solicitor tailored some of his comments to ■ appeal to the jury's passion:

And he's going to do everything he can, through his attorneys, to take advantage of your caring, and your *softness,* and that *softness* which creates an inability to do something difficult like, you should be sentenced to death. He's not soft, he's what he is, however he got there, but he's not soft, but he depends on *your soft underbelly, your lack of courage, your lack of commitment* to get out of what he's into ... (emphasis added).

This is precisely the line of argument we condemned recently in *State v. Reed,* 362 S. E. (2d) 13 (S. C. 1987) (reminding solicitors to carefully tailor penalty phase closing statements so as not to arouse jury's passion or prejudice).

■ Once again, we remind solicitors to confine penalty phase summations "to the record and its reasonable inferences and ... focus on the characteristics of the defendant and the nature of the crime." *State v. Reed, supra.*

Reversed and remanded.