480 S.E.2d 733

Michael A. JOHNSON, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 24561.

Supreme Court of South Carolina.

Submitted Nov. 21, 1996.

Decided Jan. 27, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby and Assistant Attorney General Alice C. Broadwater, Columbia, for petitioner.

Assistant Appellate Defender Robert Pachak, Columbia, for respondent.

WALLER, Justice:

We granted certiorari to review the grant of Post Conviction Relief (PCR) to Respondent, Michael Johnson. We affirm in part, reverse in part.

## FACTS

Johnson was convicted of possession with intent to distribute (PWID) 2.64 grams of crack cocaine and PWID crack within ½ mile of a public park. He was respectively sentenced to 15 years and 10 years, and fined a total of $35,000.00. His application for PCR was granted on the ground of ineffective assistance of counsel in failing to timely notify Johnson of his

right of appeal, and in failing to object to the solicitor's closing argument.

## ISSUES

1. Does any evidence support the PCR court's ruling that counsel failed to timely notify Johnson of his right to appeal?

2. Was counsel ineffective in failing to object to the solicitor's closing argument?

## 1. RIGHT OF APPEAL

The State essentially conceded at PCR, and the appendix contains ample evidence, that Johnson was not timely advised of his right to appeal. Accordingly, we concur with the PCR court's ruling in this regard and proceed with a review of the direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

The sole issue raised on direct appeal was whether Johnson was entitled to a directed verdict on the charge of PWID crack. Johnson essentially conceded he possessed the crack, but claimed it was for his own personal use and he had no intent to distribute it.

In ruling on a motion for directed verdict, the trial court is concerned with the existence of evidence, not its weight. *State v. Williams*, 303 S.C. 274, 400 S.E.2d 131 (1991). In reviewing the denial of a motion for directed verdict, the Court must determine whether any evidence exists which tends to prove the guilt of the accused, or from which her guilt may be fairly and logically deduced. *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888, *cert. denied*, 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989).

S.C.Code Ann. § 44-53-375(B) creates a permissive statutory inference that possession of more than one gram of crack constitutes PWID. As Johnson was in possession of 2.64 grams of crack, the statutory inference constitutes "any evidence" such that Johnson's motion for directed verdict was properly denied. *See* McAninch and Fairey, *The Criminal Law of South Carolina*, 386 (1996) (possession of statutory

amount of drugs is sufficient to support conviction for PWID). Accordingly, the direct appeal issue is affirmed.

## 2. COMMENT ON FAILURE TO TESTIFY

At the outset of his closing argument, the assistant solicitor made the following statement;

> ... You have seen that the **defendant has not put up a defense, he's not testified,** and you will hear shortly, after I argue and after Mr. Pough argues and his honor, Judge Whetstone, **you cannot even consider the fact that this man has not testified in this trial,** so what you have before you to consider is the testimony of all the witnesses that were presented by the State, and the physical evidence. The crack cocaine and the marijuana which is contained in this package and you will be able to take these back into the jury room with you. . . .

(emphasis supplied). Counsel did not object to this statement, nor did he move for a mistrial. At the close of evidence, the trial judge thoroughly instructed the jurors of Johnson's constitutional right to remain silent and that they could not consider Johnson's failure to testify against him in any way.

The PCR court found counsel ineffective in failing to object to the solicitor's comment, finding that the jury could have drawn an adverse inference from the comment and that Johnson was prejudiced thereby. These findings are not supported by the evidence. *Glover v. State*, 318 S.C. 496, 458 S.E.2d 538 (1995) (findings of PCR court will not be upheld where they are not supported by any evidence).

To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Underwood v. State*, 309 S.C. 560, 425 S.E.2d 20 (1992); *Simmons v. State*, 308 S.C. 481, 419 S.E.2d 225 (1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 It is impermissible for the prosecution to comment, directly or indirectly, upon the defendant's failure to testify. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Arther,* 290 S.C. 291, 350 S.E.2d 187 (1986); *State v. Goolsby,* 275 S.C. 110, 268 S.E.2d 31 (1980) *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Rouse,* 262 S.C. 581, 206 S.E.2d 873 (1974). However, improper comments on a defendant's failure to testify do not automatically require reversal if they are not prejudicial to the defendant. *State v. Robinson,* 238 S.C. 140, 119 S.E.2d 671 (1961) *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Drayton,* 293 S.C. 417, 361 S.E.2d 329 (1987); *State v. Plath,* 281 S.C. 1, 313 S.E.2d 619 *cert. denied* 467 U.S. 1265, 104 S.Ct. 3560, 82 L.Ed.2d 862 (1984) (solicitor's comment that defendants were not testifying cured by solicitor's apology and judge's charge). *See also State v. Pickens,* 320 S.C. 528, 466 S.E.2d 364 (1996); *State v. Arther, supra* (improper comments on defendant's failure to testify or present witnesses may be cured by giving of a "no adverse inference" charge); *State v. Gaskins,* 284 S.C. 105, 326 S.E.2d 132 (1985) *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); 3 *Wharton's Criminal Procedure,* § 353 (13th Ed.1991) (improper comment on defendant's failure to testify does not result in automatic reversal; question is whether comment was sufficiently prejudicial or was harmless). The defendant bears the burden of demonstrating the improper comment deprived him of a fair trial. *Id.; State v. Davis,* 309 S.C. 326, 422 S.E.2d 133 (1992); *Gaskins v. McKellar,* 916 F.2d 941 (4th Cir.1990), *cert. denied,* 500 U.S. 961, 111 S.Ct. 2277, 114 L.Ed.2d 728.

Here, the PCR court's conclusion that the jury could have drawn an adverse inference from the solicitor's comment is not supported by the evidence. In context, the comment was simply a statement of the evidence which was before the jury, rather than a comment on Johnson's failure to testify.[1] As such, it is distinguishable from the typical "comment" in which the clear implication is that the defendant has failed to explain the circumstances of the crime or has shown no remorse. *See*

---

1. Further, the comment here specifically advised the jury it could not use Johnson's failure to testify against him.

*e.g., State v. Hawkins,* 292 S.C. 418, 357 S.E.2d 10 (1987). Under these circumstances, we do not find the comment improper.

■ Moreover, even assuming *arguendo* the comment was improper, we find the trial court's instruction to the jury that it could not consider Johnson's failure to testify in any way and could not use it against him sufficient to cure any potential error. *State v. Lynn,* 277 S.C. 222, 284 S.E.2d 786 (1981); *State v. Irvin,* 270 S.C. 539, 243 S.E.2d 195 (1978). Accordingly, Johnson has not met his burden of demonstrating the comment deprived him of a fair trial. *State v. Davis, supra.* We reverse the grant of PCR on this basis.

The judgment below is

**AFFIRMED IN PART; REVERSED IN PART.**

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.