534 S.E.2d 682

**Mark Wesley EDMOND, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25155.

Supreme Court of South Carolina.

Submitted May 24, 2000.

Decided June 26, 2000.

342

Clay T. Allen of Greenville, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, and Assistant Attorney General Kevin Patrick Tierney of Greenville, for respondent.

WALLER, Justice:

A jury convicted Mark Wesley Edmond (petitioner) of first degree burglary and grand larceny. He was sentenced to life in prison for burglary and four years, consecutive, for larceny. We dismissed his direct appeal following an *Anders*[1] review.

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (approving withdrawal of counsel after counsel conscientiously

*State v. Edmond,* Op. No. 96–MO–086 (S.C.Sup.Ct. filed April 10, 1996).

The circuit court denied petitioner's application for post-conviction relief (PCR). Counsel for petitioner filed a *Johnson*[2] petition for a writ of certiorari. We ordered the parties to fully brief the issue raised in the *Johnson* petition.

## FACTS

The State accused petitioner of breaking into the home of Elizabeth S. Goldsmith and stealing a television, a videocassette recorder, jewelry, and other household items on August 31, 1994. The State presented no direct or physical evidence of petitioner's guilt, but relied solely on circumstantial evidence.

A detective testified he told petitioner in response to petitioner's questions following his arrest several days after the burglary that someone had told police where to find him. Petitioner, who had been drinking shortly before his arrest, replied, "She called in. I know she did. She's out there free. My wife was with me. I didn't do this alone." The detective acknowledged that petitioner, in a more sober condition, later denied making such a statement. The detective testified, "I did pull him out [of jail] the next day to interview him. However, he invoked his right to counsel." On cross-examination, the officer testified that petitioner invoked his right to remain silent and he "honored that right."

In her closing argument while describing the detective's testimony, the prosecutor stated, "And then the very next day

examines the record, informs the appellate court the appeal is wholly frivolous and asks to withdraw, and accompanies the request with a brief raising any issue that might arguably support the appeal; counsel must furnish a copy of the brief to the appellant, who must have an opportunity to raise any points that he chooses; appellate court must then decide, after a full examination of all the proceedings, whether the case is wholly frivolous; if so, it may grant counsel's request to withdraw and affirm the conviction; if not, court may deny the request to withdraw and direct the parties to fully brief any matter).

2. *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988) (approving the withdrawal of counsel in meritless appeals of PCR actions by following *Anders* procedure).

[after his arrest] [petitioner] invoked his right to counsel, smartly enough."

Petitioner's trial counsel did not object to the detective's testimony or the prosecutor's argument. Throughout the trial and in his closing argument, counsel emphasized the circumstantial nature of the evidence. Counsel also suggested the real culprit was the former husband of petitioner's wife—a man who allegedly had access to the car used in the burglary and matched the description of the person seen walking in front of the victim's home the evening the burglary occurred. Petitioner did not testify at trial.

At the PCR hearing, petitioner testified that he and his wife left the hospital to visit her son at her former husband's home. The former husband borrowed the car while they were there. The former husband knew the location of the victim's home because petitioner previously had taken the former husband there to meet an ex-girlfriend. Petitioner claimed he went to a video arcade, where he remained for a couple of hours after unexpectedly meeting a female acquaintance. Petitioner's wife offered testimony corroborating petitioner's version of events.

Petitioner asserted his trial counsel was ineffective in failing to object to improper references to the invocation of his constitutional rights to remain silent and be represented by counsel during the detective's testimony and the prosecutor's closing arguments. Petitioner's trial counsel testified he did not know why he failed to object to the testimony or comments. The PCR judge denied petitioner's PCR application.

## ISSUE

Does any probative evidence support the PCR judge's denial of petitioner's claim that the detective's testimony and the prosecutor's closing argument violated his constitutional rights to remain silent and be represented by counsel?

## DISCUSSION

 Petitioner contends the PCR judge erred in denying his claim that the detective's testimony and prosecutor's closing argument violated his rights under the state and federal

constitutions. *See* U.S. Const. amends. V & XIV; S.C. Const. art. I, §§ 3 and 12. He further argues the error was prejudicial. We agree.

It is improper for the State to refer to or comment upon a defendant's exercise of a constitutional right. *State v. Johnson,* 293 S.C. 321, 360 S.E.2d 317 (1987). Such comments may not be made either directly or indirectly. *State v. Goolsby,* 275 S.C. 110, 268 S.E.2d 31 (1980), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Rouse,* 262 S.C. 581, 206 S.E.2d 873 (1974).

In particular, the State may neither comment upon nor present evidence at trial of a defendant's decision to exercise his right to remain silent or be represented by an attorney. *See Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (due process clause of Fourteenth Amendment is violated when a state prosecutor seeks to impeach defendants' exculpatory story, told for the first time at the trial, by cross-examining them about their post-arrest silence after receiving the *Miranda* warnings); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (Fifth and Fourteenth Amendments forbid comment by the prosecution on the accused's silence or failure to testify, as well as instructions by the court that such silence is evidence of guilt); *State v. Cockerham,* 294 S.C. 380, 365 S.E.2d 22 (1988) (holding that prosecutor's indirect reference to defendant's silence and indirect comments on defendant's exercise of his rights to counsel and jury trial violated defendant's due process rights and were reversible error in murder and kidnaping trial); *State v. Hawkins,* 292 S.C. 418, 423, 357 S.E.2d 10, 13 (1987) (reversing conviction where prosecutor improperly commented upon defendant's failure to testify and explaining that such a comment essentially is a comment upon defendant's right to remain silent), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Woods,* 282 S.C. 18, 20, 316 S.E.2d 673, 674 (1984) (reversing conviction where solicitor improperly introduced evidence that defendant had exercised his right to remain silent); *State v. Holliday,* 333 S.C. 332, 509 S.E.2d 280 (Ct.App.1998) (reversing conviction because solicitor's cross-examination of defendant, during which she repeatedly questioned defendant as to why he had

not told his version of events until the day of trial, was improper in that the questions clearly referenced his post-*Miranda* silence).

These principles are rooted in due process and the belief that justice is best served when a trial is fundamentally fair. *See Brecht v. Abrahamson,* 507 U.S. 619, 629, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353, 367 (1993); *Wainwright v. Greenfield,* 474 U.S. 284, 291, 106 S.Ct. 634, 638, 88 L.Ed.2d 623, 630 (1986); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The obvious purpose is to try to prevent jurors from improperly inferring the accused is guilty simply because he exercised rights guaranteed him by the state and federal constitutions. Such an inference is constitutionally impermissible because the burden at all times remains upon the State to prove beyond a reasonable doubt every element of a crime with which the accused is charged. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *State v. Schrock,* 283 S.C. 129, 322 S.E.2d 450 (1984).

■ In a direct appeal, the admission of comments or evidence of the defendant's exercise of a constitutional right is a "trial error" subject to harmless error analysis. *State v. Pickens,* 320 S.C. 528, 530–31, 466 S.E.2d 364, 367 (1996); *see also Arizona v. Fulminante,* 499 U.S. 279, 306–10, 111 S.Ct. 1246, 1263–65, 113 L.Ed.2d 302, 329–32 (1991) (a "trial error" occurs during the presentation of case to jury and is amenable to harmless-error analysis because it may be quantitatively assessed in the context of other evidence presented in order to determine the effect it had on the trial; these are distinguished from structural defects in the constitution of the trial mechanism, which defy harmless error analysis).

■ In this PCR proceeding, petitioner must meet the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result at trial would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Johnson v. State,* 325 S.C. 182, 186, 480 S.E.2d

733, 735 (1997) (citing *Strickland, supra*). Thus, a PCR applicant must show both error and prejudice to win relief in a PCR proceeding. *Scott v. State,* 334 S.C. 248, 513 S.E.2d 100 (1999).

 The burden is on the applicant in a PCR proceeding to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985). An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). However, an appellate court will not affirm the decision when it is not supported by any probative evidence. *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996).

We conclude the PCR judge erred in denying petitioner's claim because no probative evidence supports his decision. Petitioner has shown error in counsel's failure to object to the detective's testimony and the prosecutor's comments, as explained by the above cases.

We further conclude petitioner has shown that the error prejudiced him. In *Johnson, supra,* we held that counsel was not ineffective in failing to object to the solicitor's closing comment that "You have seen that *the defendant has not put up a defense, he's not testified,* and you will hear shortly, after I argue and after Mr. Pough argues and his honor, Judge Whetstone, *you cannot even consider the fact that this man has not testified in this trial....*" *Id.* at 186, 480 S.E.2d at 734 (emphasis in original).

We found that the PCR judge's conclusion that the jury could have drawn an adverse inference from the solicitor's comment was not supported by the evidence. "In context, the comment was simply a statement of the evidence which was before the jury, rather than a comment on Johnson's failure to testify. As such, it is distinguishable from the typical 'comment' in which the clear implication is that the defendant has failed to explain the circumstances of the crime or has shown no remorse." *Id.* at 187, 480 S.E.2d at 735. Furthermore, the judge's curative instruction nullified any error. *Id.*[3]

---

3. In limited exceptions to the general rule, the State may point out a defendant's silence prior to arrest, or his silence after arrest but prior to

*Johnson* is easily distinguished from the present case. The detective's testimony and the prosecutor's closing argument at petitioner's trial were direct and improper references to the exercise of his constitutional rights. Jurors may have used the improper testimony and comments to infer petitioner was guilty simply because he exercised his rights. In addition, petitioner's counsel did not request and the trial judge did not give a curative instruction.

■ In deciding the prejudice prong in this PCR action, we examine the following factors, which are the same ones analyzed in deciding on direct appeal whether a similar error is harmless beyond a reasonable doubt. Such an error will not be deemed prejudicial when the record shows the reference to the defendant's right to silence or to an attorney was a single reference, which was not repeated or alluded to; the prosecutor did not tie the defendant's exercise of his right directly to his exculpatory story; the exculpatory story was totally implausible; and the evidence of guilt was overwhelming. *See Pickens*, 320 S.C. at 530–31, 466 S.E.2d at 367. A court's confidence in the outcome of the trial likely would not be undermined if those factors are met.

Petitioner has shown prejudice because the record contains three direct references to the exercise of his right to remain silent or be represented by counsel. Immediately after stat-

---

the giving of the *Miranda* warnings, in order to impeach the defendant's testimony at trial. "Such silence is probative and does not rest on any implied assurance by law enforcement authorities that it will carry no penalty." *Brecht v. Abrahamson*, 507 U.S. 619, 628, 113 S.Ct. 1710, 1716, 123 L.Ed.2d 353 (1993). The State also may in limited instances raise a defendant's silence when the *defendant* or his counsel "open the door" by asserting the State never has given him an opportunity to tell his side of the story. *United States v. Robinson*, 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (where defendant's counsel stated several times in closing argument that the Government had not allowed defendant to explain his side of the story, prosecutor's closing comment that defendant "could have taken the stand and explained it to you" did not violate defendant's Fifth Amendment right against self-incrimination because prosecutor's reference to defendant's opportunity to testify was a fair response to a claim made by defendant's counsel). However, the proper practice in a typical case such as petitioner's is for the prosecutor to avoid any mention of the defendant's exercise of constitutional rights. *See Holliday*, 333 S.C. at 340, 509 S.E.2d at 284 (stating that Supreme Court and Court of Appeals repeatedly have warned against violation of the *Doyle* prohibition, and citing cases).

ing that petitioner had invoked his right to counsel, the prosecutor told jurors that the man at whom petitioner had pointed the finger testified he did not commit the crimes. The prosecutor tied the exercise of the right to petitioner's exculpatory story, which was not totally implausible. Finally, evidence of petitioner's guilt was not overwhelming as the State's entire case was built on circumstantial evidence.

## CONCLUSION

We reverse the denial of PCR and remand petitioner's case for a new trial.

TOAL, C.J., MOORE, BURNETT, and PLEICONES, JJ., concur.