**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tony Avella Sanders, Appellant.

Appellate Case No. 2019-000904

———————————

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-147
Submitted March 1, 2022 – Filed March 23, 2022

———————————

**AFFIRMED**

———————————

Appellate Defender Sarah E. Shipe, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia, and Solicitor William W. Wilkins, III,
of Greenville, all for Respondent.

———————————

**PER CURIAM:** Tony Avella Sanders appeals his conviction of domestic violence in the second degree, arguing the circuit court erred in denying his motion for a mistrial based on the solicitor's comments during closing arguments. We find

the circuit court did not abuse its discretion in denying Sanders's motion for a mistrial.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Edmond v. State*, 341 S.C. 340, 345, 534 S.E.2d 682, 685 (2000) ("It is improper for the State to refer to or comment upon a defendant's exercise of a constitutional right."); *State v. Pickens*, 320 S.C. 528, 530–31, 466 S.E.2d 364, 366 (1996) (explaining the admission of comments on a defendant's exercise of a constitutional right is a trial error subject to harmless error analysis); *Gill v. State*, 346 S.C. 209, 221, 552 S.E.2d 26, 33 (2001) ("[I]mproper comments on a defendant's failure to testify do not automatically require reversal if they are not prejudicial to the defendant."); *State v. Brisbon*, 323 S.C. 324, 332, 474 S.E.2d 433, 438 (1996) ("The test of granting a new trial for alleged improper closing argument of counsel is whether the defendant was prejudiced to the extent that he was denied a fair trial."); *Johnson v. State*, 325 S.C. 182, 188, 480 S.E.2d 733, 735–36 (1997) (finding even if the solicitor's comments on the defendant's failure to testify were improper, "the trial court's instruction to the jury that it could not consider [his] failure to testify in any way and could not use it against him [was] sufficient to cure any potential error").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.