# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Tappia Deangelo Green, Petitioner.

Appellate Case No. 2021-000313

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
Roger L. Couch, Circuit Court Judge

---

Opinion No. 28165
Heard October 25, 2022 – Filed June 28, 2023

---

## AFFIRMED AS MODIFIED AND VACATED IN PART

---

Appellate Defender Joanna Katherine Delany, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia, and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

---

**JUSTICE KITTREDGE:**  We granted a writ of certiorari to the court of appeals' decision in *State v. Green*, 432 S.C. 572, 854 S.E.2d 626 (Ct. App. 2021).  The court of appeals affirmed Petitioner Tappia Green's convictions for kidnapping, armed robbery, and possession of a weapon during the commission of a violent crime.  We affirm as modified.

At trial, Green testified on his own behalf and offered an exculpatory story that he had not previously told to the police or the solicitor.  During cross-examination, the State questioned Green as to why he failed to tell law enforcement his side of the story at the time of his arrest, implying his exculpatory story was a recent fabrication.  Counsel for Green objected to the State questioning Green about his post-arrest silence.  The trial court sustained the objection.

Subsequently, Green moved for a mistrial, arguing the State improperly commented on his post-arrest silence in violation of *Doyle v. Ohio*, 426 U.S. 610, 611 (1976) (holding the Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids the government from impeaching a defendant with his post-arrest silence if the defendant was given his *Miranda*[1] warnings).  In evaluating the mistrial motion, the trial court revisited its evidentiary ruling in favor of Green, as the focus became whether Green was given his *Miranda* warnings.

During an *in camera* hearing, the parties offered competing evidence as to whether Green was given his *Miranda* warnings, with law enforcement officers claiming they did not Mirandize Green at the time of his arrest and Green asserting they did.  The trial court found the State's evidence more credible, determining Green was not Mirandized and, therefore, a *Doyle* violation did not occur.  As a result, the trial court denied Green's motion for a mistrial.  Nevertheless, the State did not further pursue Green's post-arrest silence.  The court of appeals affirmed, focusing on the novel question of whether the State or the defendant has the burden of proof in a *Doyle* hearing and, ultimately, concluding the defendant has the burden to prove *Miranda* warnings were given and a *Doyle* violation occurred.

Because there is evidence to support the trial court's finding that Green did not receive *Miranda* warnings, we affirm the trial court's denial of Green's motion for a mistrial based on the standard of review.  We take the opportunity, however, to clarify the proper procedure when a potential *Doyle* violation arises and vacate the

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

portion of the court of appeals' opinion dealing with this issue.  We affirm the court of appeals as modified.

## I.

Green was tried for his role in the alleged kidnapping and armed robbery of the victim, Keith Lee.  According to the State's presentation of evidence at trial, Green and two other individuals kidnapped Lee by forcing him into the backseat of a car at gunpoint, drove Lee to his place of employment to collect his paycheck, and then stole Lee's wages before releasing him from the car.

The defense presented a vastly different account of the incident.  Green testified and, for the first time, offered an exculpatory story.  According to Green, Lee owed the men money for drugs he had purchased and, therefore, voluntarily accompanied them to cash his check and repay the money.  Green suggested Lee fabricated the criminal accusations so Lee could avoid telling his girlfriend that he spent his entire paycheck on drugs.

On cross-examination, the solicitor challenged Green's version of events, asking Green why he failed to offer this exculpatory story during the almost two-year period between his arrest and trial.  Defense counsel objected and argued the State improperly commented on Green's exercise of his Fifth Amendment right to remain silent.  The trial court sustained the objection, and the State moved on to a new line of questioning.  During a recess, the trial court expressed its concern that the State's line of questioning violated *Doyle*.  The trial court noted it discussed the matter in chambers with trial counsel, during which the solicitor advised there was no record of Green receiving *Miranda* warnings at the time of his arrest.  Defense counsel protested, insisting Green was prepared to testify that he was Mirandized and requesting to proffer the testimony.

Because the giving of *Miranda* warnings is a prerequisite of a *Doyle* violation, the trial court allowed the parties to proffer testimony on the matter.  Green testified he was apprehended after a high-speed chase and that a male law enforcement officer handcuffed him and advised him of numerous pending warrants.  Green claimed the same officer advised him of the *Miranda* warnings before putting him in a police car for transport to the county jail.  Green did not know the name of the officer that Mirandized him but described the officer as an approximately thirty-year-old, white male dressed in green with a bald head and stocky build.

The State thereafter proffered the testimony of two law enforcement officers involved in Green's arrest: Officer Danielle Smoak and Officer Brandon VanAusdal.

Officer Smoak testified that on the date of the arrest, she took Green into custody, put him in handcuffs, and placed him in the back of her patrol car to wait for the transport unit to arrive. Officer Smoak denied reading Green his *Miranda* rights and stated no one in her presence Mirandized Green or attempted to interrogate him. According to Officer Smoak, the only other officers that had any contact with Green were the K-9 officer and the transport officer, the latter of whom would not have given *Miranda* warnings based on protocol. When asked if any person present at the scene fit the description of a bald, stocky man clad in all green, Officer Smoak testified that K-9 Officer Brandon VanAusdal was the only individual who matched the description. Officer VanAusdal confirmed he was present when Officer Smoak took Green into custody and specifically denied giving *Miranda* warnings to Green. Officer VanAusdal also testified he did not hear anyone else read Green his *Miranda* rights.

Following the proffer, defense counsel moved for a mistrial, arguing the State failed to prove that Green was not given *Miranda* warnings. Defense counsel also noted the incident report from the night of Green's arrest indicated the event was recorded on body cameras. The trial court stated it would watch the body camera footage if the footage was immediately available, but it was not, as neither party produced the footage for review. The hearing was concluded, and the trial court found Green was not Mirandized at the time of his arrest.

In support of its ruling, the trial court noted Officers Smoak and VanAusdal were present at the time Green claimed to have been advised of his *Miranda* rights, and both officers testified they did not administer the rights. The trial court further noted the incident report completed at the time of Green's arrest contained a box to be checked if *Miranda* rights were given and required the "advisement of rights form" be attached to the report, but the box was not checked and no form was attached. In light of the evidence and testimony before it, the trial court found the solicitor's questioning did not violate *Doyle* and denied Green's motion for a mistrial.[2] Ultimately, the jury found Green guilty as charged, and the trial court sentenced him to concurrent prison terms of fifteen years each for armed robbery and kidnapping,

---

[2] Despite the trial court's ruling that the State's questioning was allowed, the State did not elicit further testimony concerning Green's post-arrest silence, and the last the jury heard on the matter was the trial court sustaining Green's objection to the line of questioning.

as well as five years concurrent time for possession of a weapon during the commission of a violent crime.

The court of appeals affirmed Green's convictions. In upholding the trial court's determination that Green did not receive *Miranda* warnings, the court of appeals considered *sua sponte* whether the burden was on the defendant to show a *Doyle* violation occurred—the defendant was Mirandized—or whether the burden was on the State to prove *Doyle* was inapplicable—the defendant was not Mirandized. The court of appeals concluded the burden was upon the defendant to show he received *Miranda* warnings and thus prove a *Doyle* violation occurred. We granted Green's petition for a writ of certiorari to review the court of appeals' decision.

## II.

In criminal cases, this Court sits to review errors of law only and is "bound by the trial court's factual findings unless they are clearly erroneous." *State v. Wilson*, 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001). A trial court's ruling on a motion for a mistrial lies within its sound discretion. *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627–28 (2000). Likewise, the proper scope of cross-examination is left to the sound discretion of the trial court. *State v. Mitchell*, 330 S.C. 189, 196, 498 S.E.2d 642, 645 (1998). A trial court's ruling on such matters will not be disturbed on appeal unless the trial court has not acted within its discretion, meaning the conclusions of the trail court either lack evidentiary support or are controlled by an error of law. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006).

## III.

In *Doyle*, the United States Supreme Court held "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619. The Court reasoned that because *Miranda* warnings convey an implicit assurance that silence will carry no penalty, "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Id.* at 618.

Subsequently, in *Fletcher v. Weir*, the Supreme Court considered whether *Doyle* should be extended to a situation where the defendant was arrested but did not receive any *Miranda* warnings. 455 U.S. 603, 605–06 (1982) (per curiam). There, the Court declined to broaden *Doyle* and held, "In the absence of the sort of affirmative assurances embodied in the *Miranda* warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to post[-]arrest

silence when a defendant chooses to take the stand." *Id.* at 607. The Court made clear that "[a] State is entitled, in such situations, to leave to the judge and jury under its own rules of evidence the resolution of the extent to which post[-]arrest silence may be deemed to impeach a criminal defendant's own testimony." *Id.*

Later, in *Brecht v. Abrahamson*, the Supreme Court further explained, "The 'implicit assurance' upon which we have relied in our *Doyle* line of cases is the right-to-remain-silent component of *Miranda*." 507 U.S. 619, 628 (1993). Therefore, "the Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest or after arrest if no *Miranda* warnings are given." *Id.* (first citing *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980); and then citing *Fletcher*, 455 U.S. at 606–07)). "Such silence is probative and does not rest on any implied assurance by law enforcement authorities that it will carry no penalty." *Id.*

South Carolina courts have consistently applied *Doyle* to hold that "the Due Process Clause prohibits the government from commenting on an accused's post-*Miranda* silence." *State v. Simmons*, 360 S.C. 33, 39, 599 S.E.2d 448, 450 (2004); *accord, e.g., State v. McIntosh*, 358 S.C. 432, 442–43, 595 S.E.2d 484, 489–90 (2004); *Edmond v. State*, 341 S.C. 340, 345, 534 S.E.2d 682, 685 (2000); *State v. Smith*, 290 S.C. 393, 394–95, 350 S.E.2d 923, 924 (1986). This Court analyzed the *Doyle* line of cases and further clarified: "The State may point out a defendant's silence prior to arrest, or his silence after arrest but prior to the giving of the *Miranda* warnings, in order to impeach the defendant's testimony at trial." *McIntosh*, 358 S.C. at 443, 595 S.E.2d at 490. Thus, in the post-arrest context, the giving of *Miranda* warnings is a prerequisite of a *Doyle* violation. *See Greer v. Miller*, 483 U.S. 756, 763 (1987) (stating where there is no question the defendant received *Miranda* warnings, "this prerequisite of a *Doyle* violation was met"); *see also Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) (explaining that *Miranda* warnings "are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation").

## IV.

Green argues the court of appeals erred in affirming the denial of his mistrial motion by improperly holding that the accused has the burden of proving he received *Miranda* warnings to establish a *Doyle* violation. According to Green, the State—as the proponent of the impeachment evidence—should have the burden of showing Green did not receive *Miranda* warnings. Conversely, the State posits that Green—as the movant seeking a mistrial—should bear the burden of establishing a *Doyle* violation occurred before he could be entitled to the requested relief. Based on our state's rules of evidence, we agree with Green that the court of appeals erred in

placing the burden on the defendant, and we thus vacate that portion of the court of appeals' opinion.

Nonetheless, even when the burden is placed on the State, there is sufficient evidence to support the trial court's finding that Green was not read his *Miranda* rights, and we therefore affirm the denial of Green's motion for a mistrial.

## A.

In impeaching an accused with his post-arrest silence, the State seeks to discredit a defendant's trial testimony as a fabrication. *See Doyle*, 426 U.S. at 616. In such a case, the prosecution essentially seeks to use the defendant's silence as a prior inconsistent statement. *See id.* at 622 (Stevens, J. dissenting) ("[T]heir silence is tantamount to a prior inconsistent statement."); *cf. Brecht*, 507 U.S. at 628 (finding it proper and probative in a murder trial for the State to impeach the defendant's testimony by pointing out that his silence after the shooting was inconsistent with his claim at trial that the shooting was an accident).

The relevance of a defendant's post-arrest silence in the absence of *Miranda* warnings "is a question of state evidentiary law." *Jenkins*, 447 U.S. at 239 n.5. Under the South Carolina Rules of Evidence, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. However, "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Rule 104(b), SCRE. Implicit in Rule 104(b) is an understanding that the proponent of the evidence has the burden of proving the existence of such a preliminary fact.

The relevancy of a defendant's post-arrest silence is conditioned upon whether the defendant was advised of his *Miranda* rights. Not only does the use of a defendant's post-*Miranda* silence for impeachment purposes run afoul of due process, but evidence of a defendant's silence in such situations is also "likely to be ambiguous and thus of dubious probative value." *Doyle*, 426 U.S. at 617 n.8 (discussing *United States v. Hale*, 422 U.S. 171 (1975)). After all, "[s]ilence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights." *Id.* at 617.

Conversely, a defendant's silence prior to the giving of *Miranda* warnings "is probative and does not rest on any implied assurance by law enforcement authorities that it will carry no penalty." *McIntosh*, 358 S.C. at 443, 595 S.E.2d at 490 (quoting *Brecht*, 507 U.S. at 628). Thus, the absence of *Miranda* warnings is a condition of fact upon which the relevancy of a defendant's post-arrest silence depends. *See* Rule 104(b), SCRE. In order for the State to use a defendant's silence for impeachment purposes, it must introduce evidence sufficient to support a finding of the existence of the preliminary fact upon which the relevancy of the silence depends—that preliminary fact being the absence of *Miranda* warnings.

The United States Court of Appeals for the Third Circuit has adopted the same approach under the Federal Rules of Evidence:

> The relevance of post-arrest silence depends entirely upon its impeaching character as an arguably prior inconsistent assertion by the action of remaining silent. *Doyle v. Ohio* holds that when the action of remaining silent occurs after the witness has received *Miranda* warnings, that action is not relevant as a prior inconsistent assertion. Thus, the absence of *Miranda* warnings is a typical instance of a condition of fact on the fulfillment of which relevancy of other evidence, in this case post-arrest silence, depends. [Fed. R. Evid.] 104(b). Because it is the prosecutor who is attempting to establish the relevancy, for impeachment or any other purpose, of post-arrest silence, the government bears the burden of introducing evidence sufficient to support a finding of the fulfillment of the condition. Rule 104(b) provides that when the relevancy of evidence depends upon the fulfillment of such a condition of fact, "the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." [*Id.*] The Rule plainly contemplates that the moving party bears the burden of introducing such supporting evidence.

*United States v. Cummiskey*, 728 F.2d 200, 205–06 (3rd Cir. 1984); *see also United States v. Foster*, 995 F.2d 882, 883 (9th Cir. 1993) (agreeing with the Third Circuit's reasoning and holding the government has the burden of demonstrating that *Miranda* warnings were not given).

We find the reasoning in *Cummiskey* persuasive and fully consistent with Rule 104(b) of the South Carolina Rules of Evidence. We therefore hold that when a defendant objects to the State's use of post-arrest silence for impeachment purposes and asserts that *Miranda* warnings were given, the burden is on the State to prove

by a preponderance of the evidence that the defendant did not receive *Miranda* warnings prior to his silence.

**B.**

In this case, the trial court conducted a lengthy *in camera* hearing on the issue of Green's *Miranda* warnings. After considering the proffered testimony, the trial court issued its ruling, cited evidence to support the ruling—namely, the incident report and various law enforcement officers' testimony—and ultimately made a factual finding. *See Mitchell*, 330 S.C. at 196, 498 S.E.2d at 645; *Harris*, 340 S.C. at 63, 530 S.E.2d at 627. The record is replete with evidence to support the trial court's finding that Green did not receive *Miranda* warnings at the time of his arrest.[3]

We therefore affirm the court of appeals' holding that the trial court correctly found the State's questioning did not violate *Doyle*. Necessarily then, we affirm the trial court's decision to deny Green's motion for a mistrial.

**V.**

While the procedure employed by the trial court in this case was thoughtful and appropriate, we provide additional guidance for the Bench and Bar in hopes of ensuring any future *Doyle* challenge is as well-handled as it was here.

We begin by recognizing the fluid and unpredictable nature of trials, especially noting the procedurally unique manner in which a *Doyle* violation arises. Unlike most constitutional issues which can be handled pretrial (e.g., *Neil v. Biggers*,[4] *Jackson v. Denno*,[5] and Fourth Amendment suppression motions), a *Doyle* issue may arise without warning during trial. After all, it is not until the defendant takes the stand and gives testimony warranting impeachment by post-arrest silence that a potential *Doyle* issue arises. Such an issue generally cannot be handled pretrial, as the defendant retains the right to elect whether to testify until the defense rests its

---

[3] Notably, the trial court implicitly placed the burden on the State, finding the State proved beyond a reasonable doubt that Green was not Mirandized—a far higher burden than the preponderance standard adopted today. Moreover, even though the court of appeals placed the burden on the wrong party, its analysis in effect cited all of the evidence in support of the trial court's ruling.

[4] 409 U.S. 188 (1972).

[5] 378 U.S. 368 (1964).

presentation of evidence.

However, because such evidence has a significant potential for prejudice, the subject of commenting on a defendant's post-arrest silence is fraught with peril. *See Edmond*, 341 S.C. at 347 n.3, 534 S.E.2d at 686 n.3 ("[T]he proper practice in a typical case . . . is for the prosecutor to avoid any mention of the defendant's exercise of constitutional rights."); *State v. Holiday*, 333 S.C. 332, 340, 509 S.E.2d 280, 284 (Ct. App. 1998) (noting that our appellate courts have repeatedly warned solicitors against *Doyle* violations and collecting cases to that effect). Here, the State at oral argument, to its credit, recognized the significant risk for prejudice and acknowledged the better practice is to have a hearing outside of the jury's presence before attempting to impeach the defendant with this type of evidence.

Accordingly, when a defendant's testimony is such that the solicitor wishes to impeach the defendant using his post-arrest silence, great care and caution must be undertaken. The preferred course of action is for the State to alert the trial court when the issue arises and, outside the presence of the jury, inform the court of its intent to impeach the defendant with his post-arrest silence. At that point, the defendant may either (1) concede *Miranda* warnings were not given, and the State can proceed to cross-examine the defendant without violating *Doyle*; or (2) object and invoke the *Doyle* doctrine.

If the defendant objects, the defendant, through counsel or individually, must affirmatively represent to the court that *Miranda* warnings were given. Formal testimony is not necessary to satisfy this burden of production. Once the defendant has made this representation, the trial court should conduct a brief hearing outside of the jury's presence during which the State has the burden of proving by a preponderance of the evidence that *Miranda* warnings were not given. While the burden of proof remains on the State,[6] the defendant shall be entitled to present evidence.[7]

---

[6] It is incumbent on the State and the defendant to act in good faith. A representation by the defendant or his counsel must be made in a reasonable, good faith belief that *Miranda* warnings were given. Conversely, the solicitor must have a reasonable, good faith belief that *Miranda* warnings were not given.

[7] We see the close of the State's case-in-chief as an opportunity to address the *Doyle* issue. Trial judges typically advise a defendant of his right to testify or not to testify after the State has concluded its case-in-chief. At this juncture, judges also often provide an *in limine* ruling of whether any prior convictions of the accused will be

## VI.

Care must be taken when the State seeks to impeach a defendant with his post-arrest silence. As the proponent of such impeachment evidence, the State bears the burden of proving the evidence is admissible and will not violate the defendant's right to due process as articulated in *Doyle* and its progeny. *See also* Rule 104(b), SCRE. In its role as the gatekeeper of admissibility, the trial court must evaluate the evidence and determine whether the State has shown by a preponderance of the evidence that the defendant was not given his *Miranda* warnings. Here, the trial court properly fulfilled its role and issued a detailed ruling supported by a number of facts in evidence. We therefore hold the trial court did not commit error in denying Green's motion for a mistrial. The decision of the court of appeals is

**AFFIRMED AS MODIFIED AND VACATED IN PART.**

**BEATTY, C.J., FEW, JAMES, JJ., and Acting Justice Kaye G. Hearn, concur.**

---

admissible pursuant to Rule 609, SCRE. This may be an appropriate time for the parties to alert the trial court of a possible *Doyle* issue, thereby allowing an opportunity to vet and resolve a potential *Doyle* issue.