**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Maurice Anthony Odom, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-001223

———————

**ON WRIT OF CERTIORARI**

———————

Appeal From Laurens County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-119
Heard November 6, 2025 – Filed March 11, 2026

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General D. Russell Barlow, II, and Assistant Attorney General Zachary William Jones, all of Columbia, for Respondent.

———————

**PER CURIAM:** This post-conviction relief (PCR) matter arises from Maurice Anthony Odom's convictions for burglary, grand larceny, and criminal conspiracy. The PCR court determined Odom was not prejudiced by any alleged deficiency in trial counsel's representation related to prior convictions. The PCR court also held trial counsel was not ineffective for failing to object to certain statements by the State regarding Odom's right not to testify and vouching for State's witnesses. We affirm in part and reverse in part.

First, we reverse the PCR court's holding that Odom failed to establish prejudice because he presented insufficient evidence of what his testimony would have been at trial and how that may have affected the outcome of his case. *See Lindsey v. State*, 447 S.C. 93, 122, 924 S.E.2d 104, 120 (2025) (stating questions of law are reviewed de novo and "[w]hether trial counsel was deficient and whether any deficiency prejudiced a PCR applicant are questions of law"); *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) ("In order to receive relief for ineffective assistance of counsel, a defendant must make two showings. First, he must show that his trial counsel's performance was deficient, meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Second, he must demonstrate that this deficiency prejudiced him to the point that he was deprived of a fair trial whose result is reliable." (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984))). The proffer in this case was sufficient to determine that trial counsel's error and Odom's resulting failure to testify was prejudicial. The State's case hinged on the testimony of Christopher Mixon, who testified he and Odom had robbed a gas station together using Odom's car. Although evidence demonstrated Odom's car was involved in the commission of the crime, no other witnesses nor any forensic evidence connected Odom to the crime. At the PCR hearing, trial counsel testified Odom "was adamant" that Mixon, who was his neighbor, took his car and committed the crimes without him. Odom testified he kept his keys inside of his car and that Mixon had access to his car and had used it before. Odom confirmed he wanted to testify in his own defense and the only reason he did not testify was because he was afraid the State would impeach him with his prior convictions. This testimony adequately explained the content of Odom's proposed trial testimony, and Odom's testimony would have refuted Mixon's testimony had the jury found him more credible than Mixon. *See State v. Black*, 400 S.C. 10, 31, 732 S.E.2d 880, 892 (2012) (Pleicones, J., dissenting) (explaining witness testimony was critical to a defense in a case that was "largely a credibility contest"); *see also State v. Stukes*, 416 S.C. 493, 500, 787 S.E.2d 480, 483 (2016)

(finding an erroneous jury instruction regarding one witness's testimony was not harmless because the case "hinged on credibility" between the victim and the defendant).

Having determined Odom was prejudiced by his decision not to testify, we must now consider the deficiency prong that the PCR court declined to address. Trial counsel erroneously advised Odom the State could introduce evidence of a criminal sexual conduct conviction more than ten years old based on the misapprehension that it was a crime of moral turpitude and therefore admissible.[1] Additionally, trial counsel never received a request from the State to introduce evidence of burglary convictions more than ten years old so that the judge could render a decision as to their admissibility.[2] We conclude trial counsel was ineffective for her handling of these prior conviction issues. *See Rock v. Arkansas*, 483 U.S. 44, 51 (1987) (holding a criminal defendant has a constitutional right to testify in his own defense); *Horton v. State*, 306 S.C. 252, 254-55, 411 S.E.2d 223, 224-25 (1991) (holding trial counsel was deficient for advising the applicant not to testify when his advice was based upon an "unsubstantiated legal assumption" and holding counsel had a duty to seek a ruling of admissibility from the trial judge either confirming or invalidating his assumption).

Furthermore, we conclude the PCR court erred in determining trial counsel was not ineffective for failing to object to certain statements in the State's opening and closing arguments. First, the State improperly commented on Odom's right not to testify in closing arguments propounding that the defense presented no "contradictory evidence, proposed no alternative scenario, no alternative individuals to the crimes that were shown in this DVD and in the photographs we submitted. No other scenario than the one proposed by Christopher Mixon from this witness stand." The State additionally postulated "[t]he question is who done it? Christopher Mixon admits that he was one and his uncontradicted testimony is that Odom was the other." These statements improperly commented on Odom's right to not testify. *See State v. Sweet*, 342 S.C. 342, 348, 536 S.E.2d 91, 94 (Ct. App. 2000) ("Where the solicitor refers to certain evidence as uncontradicted and

---

[1] *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("Since the adoption of Rule 609 [, SCRE], the moral turpitude standard is no longer the proper test for determining the admission of remote prior convictions.").

[2] "[E]vidence of a conviction more than [ten] years old . . . is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Rule 609(b), SCRE.

the defendant is the only person who could contradict that particular evidence, the statement is viewed as a comment on the defendant's failure to testify."); *State v. Cockerham*, 294 S.C. 380, 381, 365 S.E.2d 22, 22-23 (1988) (holding the prosecutor's indirect reference to a defendant's silence impermissibly commented on his right not to testify); *State v. Hawkins,* 292 S.C. 418, 423, 357 S.E.2d 10, 13 (1987) (reversing a conviction when the State improperly commented upon a defendant's failure to testify and explaining that such a comment essentially is a comment upon defendant's right to remain silent), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). Trial counsel agreed at the PCR hearing that the State vouched for the witnesses but stated it was her practice to not object during opening and closing arguments because it might draw more attention to the objectionable statement. However, this general practice does not demonstrate a viable trial strategy sufficient to overcome the deficiency in failing to object. *See Gilchrist v. State*, 350 S.C. 221, 228 n.2, 565 S.E.2d 281, 285 n.2 (2002) (holding strategic reasons do not save a deficient performance when no valid strategy is articulated).

We also hold these statements prejudiced Odom under the circumstances of this case. *See Edmond v. State*, 341 S.C. 340, 348, 534 S.E.2d 682, 687 (2000) (explaining the same harmless error factors considered in a direct appeal should be considered in determining prejudice in a PCR case when the State has commented on a defendant's constitutional right); *id.* at 348, 534 S.E.2d at 687-88 (stating factors to consider include whether the offensive comment was a single reference, whether the State tied the defendant's silence directly to his exculpatory story, whether the exculpatory story was totally implausible, and whether the evidence of guilt was overwhelming). Regarding the first factor, the State referenced Odom's failure to testify and right to remain silent twice—when it referred to Mixon's testimony as "uncontradicted" and when it highlighted that no other evidence, apart from Mixon's testimony, had been presented. Second, the State tied Odom's failure to testify to his exculpatory story because the reference directly related to Odom's failure to contradict Mixon's testimony that Odom was the second burglar. Third, Odom's story was not "totally implausible" because Mixon, who was Odom's neighbor, could have taken Odom's car if Odom kept his keys inside his car as he asserted. Odom also stated Mixon had access to his car and had used it before. Last, the evidence of Odom's guilt was not "overwhelming" because, apart from Odom's car being near the store, the only other evidence of Odom's guilt was Mixon's testimony.

Additionally, we conclude the PCR court erred in determining trial counsel was not ineffective for failing to object to the State's comment in opening statements

indicating the jury would "find [Mixon,] in spite of his criminal record[,] to be a credible witness." *See Tappeiner v. State*, 416 S.C. 239, 250, 785 S.E.2d 471, 477 (2016) (stating the State "may not vouch for a witness's credibility, as doing so improperly invades the province of the jury and places the government's prestige behind the witness"); *Vaughn v. State*, 362 S.C. 163, 169, 607 S.E.2d 72, 75 (2004) ("A prosecutor improperly vouches for a witness'[s] credibility and places the government's prestige behind a witness by making explicit personal assurances, or indicating that information not presented to the jury supports the testimony."). As previously discussed, this case hinged on Mixon's testimony. Therefore, the State's improper vouching for his truthfulness prejudiced Odom.[3] *See Gilchrist*, 350 S.C. at 228, 565 S.E.2d at 285 (finding counsel's failure to object to improper vouching for "the State's key witness" was prejudicial when believing him "was the only way the jury could convict" the defendant).

We hold trial counsel's representation was ineffective as it related to Odom's prior convictions and his decision not to testify. We reverse the PCR court's determination that Odom failed to establish that trial counsel's deficiency prejudiced him. Additionally, we reverse the PCR court's determination that counsel was not deficient for failing to object to the State's comments on Odom's decision not to testify and vouching for Mixon. We further hold those deficiencies were prejudicial and Odom is entitled to a new trial. Therefore, the ruling of the PCR court is

**AFFIRMED IN PART AND REVERSED IN PART.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[3] Odom also asserts trial counsel was deficient for failing to object to the State's following statement regarding Detective Tyrone Goggins: "I submit to you that Tyrone Goggins is a good, experienced, capable police officer and investigator as his sixteen years would document . . . ." We conclude the State's comment served to bolster Detective Goggins's overall capability but did not clearly comment on his veracity. Furthermore, any prejudice from the statement was minimal as Detective Goggins's testimony simply outlined the course of the investigation. Therefore, we affirm the PCR court's decision on this issue.